## Bard v. Commonwealth.

(Decided November 30, 1926.)

### Appeal from Hopkins Circuit Court.

1. Indictment and Information—Indictment for Rape, Charging Defendant as Both Principal and Aider, Held Good.—Indictment, charging defendant with rape by unlawfully, carnally knowing female, and by being present, aiding and abetting another to do so, held good.

2. Criminal Law—Defendant's Contentions Relative to Unpreparedness and State of Public Feeling Could Not be Considered, Where Motions for Change of Venue and for Continuance Were not Made.—Since defendant in rape case failed to make motion for change of venue and for continuance supported by evidence, contention as to unpreparedness and as to state of public feeling, mere assertions of fact, could not be considered, on appeal; defendant having had ample time to perfect alibi defense.

3. Rape—Failure, in Prosecution for Rape, to Instruct as to Lesser Degree of Crime Held Not Erroneous (Criminal Code of Practice, Sections 262-264).—In prosecution for rape, failure to instruct as to lesser degree of rape held not erroneous, since defendant admitted facts as to rape of prosecutrix, but relied on alibi proving that he was not present; Criminal Code Practice sections 262-264, requiring instruction relative to all law of case, being sufficiently complied with.

4. Rape—Testimony of Accomplice in Rape Case Held Sufficiently Corroborated to Warrant Submission of Case to Jury (Criminal Code of Practice, Sections 241-242).—Since companion of prosecutrix in rape case at time of offense completely corroborated testimony of accomplice identifying defendant as perpetrator of

crime, there was sufficient corroboration, within requirements of Criminal Code of Practice, sections 241-242, concerning corroboration, to support conviction. notwithstanding inability of prosecutrix to identify assailant.

5.  Rape—Verdict Held Sustained by Evidence.—In view of fact that jury in rape case was justified in rejecting evidence offered by defendant to establish alibi because of conflicting evidence, verdict of guilty held sustained by great weight of evidence.

W. J. COX, L. R. FOX, B. L. NISBET and WALTER ROBINSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Commissioner Sandidge— Affirming.

Appellant, Nathan Bard, prosecutes this appeal from a judgment of the Hopkins circuit court convicting him of the crime of rape and fixing his penalty at death by hanging. He, Bunyan Fleming and Columbus Hollis had been jointly indicted but separate trials were had.

His contention that the demurrer to the indictment should have been sustained is without merit. The point made for him is that the indictment was not good because it charged him with the offense named both as principal as an aider and abetter of others named, who also were charged with having committed the same offense. One may be guilty of the crime charged either by unlawfully, willfully, forcibly and feloniously carnally knowing a female against her will and consent, or by being present and so aiding, assisting, encouraging and abetting another so to do. The indictment complained of clearly and concisely charged appellant with the crime and that it was committed in both of the ways indicated. The trial court properly overruled the demurrer to the indictment.

Many vigorously urged reasons for reversing the judgment herein find their way into the case first by one of the briefs filed for appellant herein. The indictment was returned on the 23rd day of April, 1926, and defendant was thereupon brought into open court and informed of the nature of the charge against him. It then being ascertained that he had not employed counsel and had no means with which to do so, the court appointed three regular practicing attorneys to defend him, who were then present in court and accepted the appointment. The prosecution was thereupon set forward for trial on April

27th, but the trial of appellant was not had until April 28th. On the latter date the record discloses that both the Commonwealth and the defendant answered ready for trial, and the defendant in open court waived formal arraignment and entered a plea of not guilty. Hence all of the questions raised for appellant, predicated upon the state of public feeling and excitement obtaining in Hopkins county, and upon the unpreparedness of himself and his counsel for trial because of the short time that elapsed between the date when he was indicted and the date of his trial, are not presented by the appeal and can not be considered by this court. In the absence of a motion for a change of venue, supported by evidence that appellant could not obtain a fair trial in the Hopkins circuit court, and in the absence of a motion for a continuance supported by evidence that appellant and his counsel had not sufficient time to prepare his defense, those questions are not here presented. We feel that we should say that the contention by brief for appellant filed by counsel other than those appointed who defended him upon the trial below that he was tried without opportunity for himself and his counsel to prepare his defense is not supported by facts, but wholly by assertions, as the question is presented by the brief. His defense was an *alibi*, and he appears to have produced all of the witnesses whose evidence might tend to establish that he was elsewhere when the crime charged was committed. Even the brief wherein these questions are sought to be raised does not make any showing that other witnesses might have been found, or that other facts tending to establish his defense might have been produced in evidence, if more time had been given. This is said in order that it may be understood that counsel appointed to defend appellant appear to have been diligent in the preparation of and in his defense, and appear to have had ample opportunity between the date of their appointment, April 23rd, and the date on which the trial hereof was had, April 28th, to fully investigate and familiarize themselves with his defense and to procure the attendance and testimony of all of the witnesses whose testimony might tend to establish it, and that no motion for a continuance was made by them because no legal ground for a continuance existed.

It is insisted for appellant, in view of the provisions of sections 262, 263 and 264, of the Criminal Code of Practice, that the trial court erred in not submitting to the jury

by the instructions herein the whole law of the case. Those
sections of the Code provide that where the offense
charged consists of different degrees, a defendant may be
found guilty of any degree not higher than that charged
in the indictment; and may be found guilty of any offense
included in that charged in the indictment. Degrees of
offenses are defined, and the rule is established for deter-
mining when an offense may be held to be included in the
offense charged. Bethel v. Commonwealth, 80 Ky. 526,
where the crime charged was rape, holding that under
subsection 6 of section 263 of the Criminal Code an at-
tempt to commit rape is a degree of the crime of rape, and
that, under the facts of that case, the trial court erred to
defendant's prejudice in not submitting to the jury by a
proper instruction the law relating to that offense, is
cited and relied upon by counsel for appellant as author-
ity for reversal of the judgment herein. That was held to
be true in that case because the record afforded evidence
tending to establish that the defendant, charged with
rape, was guilty only of an attempt to rape the prosecu-
trix. She there admitted on cross-examination that when
she first complained of the alleged outrage by the defen-
dant on her person she stated that he attempted to rape
her but failed. In Logsdon v. Commonwealth, 215 Ky.
707, it was said:

> "It is not, however, in every case where a
> lesser crime is held to be a degree of the crime
> charged that the defendant is entitled to an instruc-
> tion under the law relating to the lesser crime, but
> only in such cases as the evidence of the case war-
> rants it. To illustrate, voluntary manslaughter is a
> degree of the crime of murder, and, in cases where
> the evidence authorizes it, it is erroneous and prej-
> udicial for the trial court to omit an instruction on
> voluntary manslaughter; but if no facts or circum-
> stances proved in evidence authorize an instruction
> on voluntary manslaughter, it is not proper to sub-
> mit the question, and the omission of such an instruc-
> tion is never held to be erroneous."

The judgment in that case was affirmed although
the trial court had not instructed the jury under the
law relating to a lesser offense which was held to be a
degree of the offense charged, because there was no evi-
dence upon which to base such instruction. As was true

of that case, is it not true here that the record affords no evidence upon which to base an instruction on any of the various offenses which have been held to be lesser degrees of the crime of rape?

These undisputed facts appear: Prosecutrix is sixteen years of age, the daughter of prominent and well connected parents. She resides in Alabama, and with her mother was visiting relatives and friends in Madisonville, Kentucky. She and a young gentleman of her acquaintance, who lived at the latter place, were driving in an automobile. It was the night of April 7, 1926, and between 8:15 and 8:30 o'clock. They drove into and along the driveway of the country club grounds and stopped at the main entrance to the club house, he intending to show her the building. Immediately two negroes appeared, one on either side of their car, and, aided by the light of a flashlight, covered them with pistols. The young man was forced from the car at the point of a pistol and was robbed of his money and other valuables by one of the negroes, while the other attempted to ravish the young lady in the car. He was unable to do so there, though he choked her to stop her screams and discharged his pistol and threatened her with death in his efforts to coerce her into submission. Upon his starting to her assistance her escort was struck on the head with a pistol by the one who had robbed him and threatened with death if he attempted to interfere. Unable to accomplish his purpose in the car her assailant dragged her from it and she and the young man were forced to go to the caddy house nearby. Pistols pressed against their bodies and threats of instant death for failure to do as told uttered in vile and profane language were the agencies of coercion. Upon the arrival there, one of the negroes, with pistol pressed against his body and threatened death as the alternative, forced the young man to stand facing and against a wall of the building with his hands above his head, while the other, aided by a third negro who then appeared and who held her, ravished the young girl. After so doing he who had done so then relieved the other in guarding her escort while the other, heedless of her pleading for mercy, in turn ravished the helpless girl. After that the two of them were permitted to go though one of the negroes suggested that perhaps they should both be killed and when

they started to run they were stopped and compelled to walk slowly from the presence of their assailants. Upon making their escape the young couple immediately drove to the home where her mother was being entertained and told what had happened. Medical aid for the young lady was immediately summoned and the two physicians who examined her described her condition, and testified to the full accomplishment of the crime charged by penetration. Bruises upon her neck and body and the bruised, lacerated and bleeding condition of her person, her clothing torn to shreds, and her utter collapse from the horrible experience bore mute testimony to her vain efforts to save herself. Counsel for appellant concede these to be the facts of the crime. His defense was that he was not present, took no part in and knew nothing about the crime; but that he was elsewhere. In that state of the case, there was no place for an instruction upon the law relating to any of the lesser crimes that have been held to be degrees of and included within the crime of rape. That is true because under the facts hereof appellant was guilty of the crime charged or was not guilty of any crime. There was no evidence upon which to base an instruction upon any of the lesser degrees of the crime charged and the trial court did not err in failing to so instruct.

Columbus Hollis, jointly indicted herein with appellant and Bunyan Fleming, testified for the Commonwealth and stated that he and they committed the crime in the manner above described; that he held prosecutrix while first Fleming and then appellant, Bard, ravished her. She was unable, because of darkness, the horror of the crime, and her frenzied terror, to identify any of her assailants. It is insisted that, in view of the provisions of sections 241 and 242 of our Criminal Code of Practice, there was not sufficient corroboration of the testimony of the accomplice, Hollis, to authorize a submission of the case against appellant to the jury and that the trial court erred in not directing a verdict of not guilty. To this argument but little need be said. Adair Stum, the young man who was with prosecutrix, positively identified appellant, Nathan Bard, as the one who robbed him, held him in restraint as indicated, while the first of her assailants ravished her, and who then went to her while the other guarded against his interference. His testimony was complete corroboration of

that of the accomplice and this contention of appellant is without merit.

In view of the evidence for the Commonwealth tending to establish the guilt of appellant, it is readily understood how the jury rejected the evidence offered by and for him tending to establish an *alibi*. He alone testified as to his whereabouts until approximately eight o'clock that night. His statement that he was at the poolroom of Henry King until then was contradicted by the testimony of seven others who were there and did not see him. That he came to the home of a neighbor shortly after eight o'clock was testified to by two witnesses who fixed the time only by the showing of the neighbor's clock, with no testimony that it was accurate as a timekeeper or was even running at the time. Clearly it was a case for the jury. It was for them to decide which of the two conflicting states of facts they would believe. Casual or careful reading and consideration of the record can lead only to the conclusion that the verdict is sustained by the great weight of the evidence. Appellant's trial was free of error. No reason may be found in the record for a reversal of the judgment, though it inflicts the law's severest penalty. Death from the scaffold at the rope's end, the punishment provided for appellant, in all its extreme severity, is, however, not commensurate with the crime in all its brutality and atrocity for which he has been convicted.

Judgment will be affirmed.

The whole court sitting.