# McGeorge v. Commonwealth.

## (Two Cases)

(Decided April 25, 1930.)

EZART ASHCRAFT for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

On the 10th day of May, 1929, the grand jury of Estill county returned an indictment against appellant and defendant below, Dan McGeorge, accusing him of the second offense of unlawfully possessing intoxicating liquor after a prior commission and conviction of the first one, and that indictment was set for trial on the 18th day of May.  Between the finding of that indictment and the day it was set for trial defendant committed the same offense the third time, and he was indicted on May 18 for that third offense, but was charged therein with only one

previous conviction for the same offense. Both indictments were tried without objection on the 18th of May, one of which, as we have seen, was returned by the grand jury on that same day, and to each of them defendant entered a plea of guilty. The jury so found, and punished him by its verdict under the first indictment (returned on May 10) with confinement in the penitentiary for one year and with similar confinement for two years under the second indictment which was returned on May 18. Separate appeals were prayed and prosecuted to this court, and, upon motion of appellant, without objection from the commonwealth, they were ordered heard together, and will be disposed of in one opinion.

In view of the condition of the record and the statement made in what was intended to be a brief for appellant, it is difficult for us to comprehend the grounds relied on for reversal, if any. No evidence, if any was heard, has been brought to this court, and the same is true with reference to any instructions the court may have given; nor was there a single objection to any ruling or order of court made in either case at the trial, and, as we have stated, defendant entered a plea of guilty to each indictment.

The grounds relied on in the motions for a new trial were identical in each case, and they were:

"(1)  Because the defendant was put upon his trial over his objection and exception, for one of the offenses, viz.: Indictment No. 316, on the same day that said indictment was returned into court by the Grand Jury of Estill County, both cases being tried at the same time by the same jury, and the said indictment No. 316 being based upon an offense committed in the presence of the arresting officers at an early hour, to-wit, about 3:00 o'clock A. M. on the same date of the said trial, said defendant being taken into custody at said early hour, about three o'clock a. m. of that day and date and lodged in jail. (2) Because at the time of the trial of the two cases herein mentioned, the general conditions and the atmosphere surrounding the said trial were tinged with circumstances prejudicial to the substantial rights of the said defendant herein."

The bill of exceptions in each case was also identical in language, and they in their entirety, omitting signature of the judge, said:

"Be it remembered that this cause came on for trial on the 18th day of May, 1929. Messrs. John W. Walker, Commonwealths Attorney and H. E. Hay, County Attorney, appeared for the Commonwealth. And Mr. F. J. Stevens appeared for the defendant, and the following proceedings were had, to-wit: The defendant when asked his plea waived formal arraignment and plead guilty. Came Dan McGeorge and tendered this his Bill of Exceptions, and on his motion said Bill of Exceptions is examined and signed, attested and approved by the Court; and it is now ordered that they be filed and made a part of the record without being spread upon the order book, and it is now certified that this bill of exceptions contains all proceedings had in this case."

In the paper styled "Brief for Appellant" there is first a statement that defendant was convicted under the two indictments (which were Nos. 303 and 316) at the May, 1929, term of the Estill circuit court, and it is followed by another one asking that the two appeals be heard together, and which in turn is immediately followed by what we suppose counsel considers his argument, but which, if not so considered by him, then he forgot to put into his brief any argument at all, and the language so incorporated is: "It is our contention that the law does not permit two convictions of second offenses and especially by the same court and at the same time and term and both these causes should be reversed by reason thereof."

It will be noticed that ground 1 in the motion for a new trial states that "defendant was put upon his trial over his objection and exceptions," and that both indictments were tried by the "same jury," but neither of such grounds or facts appear anywhere else in the record, and we have frequently, consistently, and without exception held that alleged grounds for reversal, found nowhere except in the motion for a new trial, cannot be considered by us on appeal, and for the manifest reason that the method employed to present them to this court was inappropriate for the purpose and in direct conflict with the prescribed rules of practice. However, if it were other-

wise, it does not appear from the statements as contained in the motions for a new trial the grounds or reasons for defendant's objection and exceptions to the matters complained of, if any were urged, made by him at the time except that the "unlawful possession" for which indictment No. 316 was found was discovered by an arresting officer "about 3:00 o'clock A. M. on the same day of the trial." As hereinbefore stated, defendant made no objection to the trial of that indictment at the time it was had, nor did he urge any grounds for postponement of the trial, but, on the contrary, entered a plea of guilty thereto, and, if the matters contained in ground 1 as a reason for a new trial were properly presented for our consideration, we would be compelled to disregard them for the reasons stated; and the same may be said with equal propriety with reference to the matter contained in ground 2 of the motions for a new trial, wherein it was said that "the general conditions of the atmosphere surrounding the said trial were tinged with circumstances prejudicial to the substantial rights of the said defendant herein." The tinged circumstances therein relied on as prejudicial to defendant's substantial rights are nowhere stated in the record, not even in the motions for a new trial, and we are utterly in the dark as to what they were so as to enable us to determine their probable effect upon the verdicts; but one fact is clear, and which is, that defendant did not rely on any of them at his trials below, and in the absence of which he is deprived of relying upon them in this court.

Both of the records being entirely barren of any grounds for disturbing the judgments, and none being pointed out in appellant's brief, the merits of the appeals are left in forma pauperis, and with nothing for us to do except affirm the judgments, which is accordingly done.