## Burnam v. Commonwealth.

Oct. 31, 1941.

Charles W. Anderson, Jr., C. Eubank Tucker, Prentice Thomas and E. K. Walker for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—
Affirming.

Appellant, Eugene Burnam, a negro, appeals from the judgment of the Fayette Circuit Court wherein he was convicted of the crime of rape and his punishment fixed at death. A former conviction carrying the same penalty was reversed because of prejudicial remarks made by the trial judge to the jury relative to the length of time he might hold them on the consideration of the

case. See Burnam v. Com., 283 Ky. 361, 141 S. W. (2d) 282.

Upon this appeal Burnam relies upon four alleged errors for reversal: 1. The court did not instruct on the whole law of the case; 2. during the trial one juror separated from the members of that body and conversed with his wife; 3. the trial jury was improperly chosen; 4. his confession should not have been admitted in evidence.

The court instructed on rape, detaining a woman against her will for the purpose of having carnal knowledge with her, and assault and battery. Appellant criticizes the instruction on assault and battery, also he contends an instruction on attempted rape should have been given. The uncontradicted testimony shows the rape was completed and the defense was an alibi, therefore the evidence does not justify an instruction on assault and battery or on attempted rape. Logsdon v. Com., 215 Ky. 707, 286 S. W. 1067; Bard v. Com., 217 Ky. 479, 290 S. W. 337; Wright v. Com., 267 Ky. 269, 102 S. W. (2d) 14. Moreover, in the recent case of Merriss v. Com., 287 Ky. 58, 151 S. W. (2d) 1030, it was written that where an instruction on detaining was given in a prosecution for rape in violation of Section 1154, Kentucky Statutes, such instruction of necessity covered the crime of attempted rape, therefore an instruction on attempted rape was unnecessary.

During the course of the trial the wife of a juror, Mr. Day, wanted to consult with him concerning the purchase of fruit and vegetables for a grocery which she and her husband operated. While the jury was having a brief recess in the jury room, Mr. Day left the other members of the jury, stepped out in the hall and convesed with his wife three or four minutes. The sheriff, Mr. Thompson, and his deputy, Mr. Hall, were within a foot or two of Mr. and Mrs. Day and testified they heard everything said between them and their conversation related to the purchase of goods for their store. Thompson further testified Day was just outside of the jury room and that another juror, Piatt, was standing in the door leading into the jury room.

Sections 245 and 246 of the Criminal Code of Practice provide that when the jury is kept together in charge of an officer, no person shall be suffered to speak or communicate with the jury or any member thereof touching

the subject of the trial. But it has never been held to be reversible error to allow some one to speak to a juror on a subject foreign to the trial in the presence and hearing of the officer or officers in charge of the jury. Canter v. Com., 176 Ky. 360, 195 S. W. 825; Glenday v. Com., 255 Ky. 313, 74 S. W. (2d) 332; Shorter v. Com., 248 Ky. 37, 58 S. W. (2d) 224. Nor was the brief separation of Day from the rest of the jury (if in fact it was a separation as prohibited by Section 244 of the Criminal Code of Practice) prejudicial to appellant's substantial rights as Day was never without the hearing or sight of the sheriff and his deputy. Cox v. Com., 181 Ky. 433, 205 S. W. 385; Caudill v. Com., 217 Ky. 403, 289 S. W. 371; Murphy v. Com., 263 Ky. 347, 92 S. W. (2d) 342.

When it was apparent that the regular panel would be exhausted without the jury being made up, appellant agreed that the court might order a special venire. But his motion that such venire be summoned from names appearing on the last returned tax assessor's book was overruled, and he complains of this. Section 2247, Kentucky Statutes, provides that if in a criminal trial the regular panel is exhausted by challenges, the judge may supply such jurors by drawing from the wheel, or he may direct the sheriff to summon any number of bystanders to fill such vacancies. Sloan v. Com., 211 Ky. 318, 277 S. W. 488; Jennings v. Com., 239 Ky. 629, 40 S. W. (2d) 279; Williams v. Com., 254 Ky. 277, 71 S. W. (2d) 626. We interpret appellant's motion to have the special venire summoned ''from the last returned assessor's list'' to be equivalent to moving the judge to draw it from the wheel. Under the statute and the authorities just cited he was not required to do this.

It is argued in appellant's brief that out of eighty-eight special veniremen summoned only four were negroes, which fact shows negroes were excluded from the jury trying him. The motion and grounds for a new trial was incorporated in the bill of exceptions, but neither the motion nor the bill contain any reference to negroes being excluded from the jury, hence we are not at liberty to consider this complaint of appellant. McGeorge v. Com., 234 Ky. 189, 27 S. W. (2d) 967; Dorroh v. Com., 236 Ky. 68, 32 S. W. (2d) 550; Swango v. Com., 276 Ky. 467, 124 S. W. (2d) 768. Reference is made to Richardson v. Com., 284 Ky. 319, 144 S. W. (2d) 492, wherein we discussed the procedure to follow in raising

the question of excluding negroes from jury service. We might say in passing that if this question had been properly raised in this instance, there is nothing in the record to show negroes were excluded from the jury as was done in Smith v. Texas, 311 U. S. 128, 61 S. Ct. 164, 85 L. Ed. 84, where the record showed a planned method or scheme by which negroes were excluded from jury service.

Appellant insists that the written confession he made of his guilt should not have been introduced on his trial as it was obtained in violation of Section 1649b-1 et seq., Kentucky Statutes, prohibiting the introduction in evidence of a confession obtained from a person in custody by plying him with questions or by threats or extortion. The testimony of the appellant is that the police questioned him for hours, deprived him of sleep, threatened him and even struck him with their fists, kicked him and hit him with a pistol. The trial judge excluded the jury and heard testimony as to how the confession was obtained in order to determine whether or not as a matter of law it was extorted from Burnam. The officers denied any and all mistreatment of appellant, and testified they did not ply him with questions concerning this crime but only requested him several times to tell the truth as to whether or not he committed it; that he voluntarily confessed and offered to take them to the scene of the crime. After returning appellant was put in a cell and between 6 and 7 o'clock in the morning was brought out and in his presence his confession was reduced to writing and he signed it.

Burnam testified his face and lips were bruised where the officers had struck him in forcing him to sign the confession. However, a picture was taken of him on the morning of April 7th, the very day he confessed, and both a front and side view of his photograph appear in the record. Neither shows any bruises, discoloration or other evidence of his having been struck in the face or on the head.

The crime was committed on the night of April 6, and when Burnam was arraigned in juvenile court on April 10th, the county attorney asked him in the presence of the judge of that court, his mother, Sarah Burnam, and a policeman, "You are charged with the offense of rape, are you guilty or not guilty," and he answered, "guilty." The circuit court clerk testified that when ap-

317

pellant was arraigned in circuit court he read the indictment to him and asked him whether he pleaded guilty or not guilty and appellant answered, ''guilty.'' The circuit judge directed the clerk to enter a plea of ''not guilty.'' Appellant gives as his reason for entering these pleas of guilty that he was afraid the officers might beat him again, and that as he had signed a confession he was afraid to deny his guilt. This reason is not convincing since he had been removed from the city to the county jail at the time he entered these pleas of guilty and was no longer in custody of city police.

As there was a sharp conflict in the evidence as to whether appellant voluntarily confessed to this crime or whether the confession was extorted from him, the trial judge correctly submitted to the jury the question under an appropriate instruction which in effect told them not to consider the written confession for any purpose if they believed from the evidence that it was obtained through mistreatment of appellant as condemned in the statute. Bennett v. Com., 226 Ky. 529, 11 S. W. (2d) 437; Com. v. McIntosh, 257 Ky. 465, 78 S. W. (2d) 320; Lett v. Com., 284 Ky. 267, 144 S. W. (2d) 505.

Appellant's victim was a young married woman who testified with certainty and intelligence. At the mouth of the alley in which the crime was committed there was a street light and she saw Burnam plainly during the fifteen or twenty minutes he forced her to be with him. Immediately after the crime she gave the officers a description of her assailant, how he was dressed and that he wore heavy shoes which scuffed as he walked. About an hour or an hour an a half after the crime she unhesitantly and with promptness identified Burnam as her assailant when he was brought into a room where she was. One of the policemen testified Burnam's overall pants were damp and had dirt on the knees and that a pair of heavy work shoes found in his room the night of the crime were damp and had mud on them. Burnam testified that he had not worn these shoes that day, but had worn a pair of light, low-cut shoes. On the trial the victim identified a knife which had the point broken off the blade and which had been taken from Burnam as the knife he threatened her with at the time of the assault.

Should the confession not be considered the proof is most convincing that appellant is the perpetrator of this foul crime, the details of which we refrain from re-

318

peating. Appellant has faced four juries, three of whom have said he must die in expiation of his guilt, and as we find no error in the record prejudicial to his substantial rights, the judgment is affirmed.

Whole Court sitting.