## Baker v. Commonwealth.

June 6, 1947.

S. M. Ward, Judge.

Napier & Napier for appellant.

Eldon S. Dummit, Attorney General, and Paris Swinford, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellant, Virgie Baker, was convicted of voluntary manslaughter and sentenced to serve 10 years in the State Penitentiary. The grounds for reversal upon which she relies are: (1) the verdict of the jury was the result of passion and prejudice and was contrary to the law and the evidence, (2) there were irregularities in the conduct of the jury, depriving her of her constitutional

right to a fair trial, (3) the Court erred in failing to give an instruction on her right to defend her home.

There is scarcely any dispute about the facts in this case. A man by the name of Wilk Brock was killed at Combs, Kentucky, on September 15, 1946, by a pistol shot fired by appellant. Wilk Brock, appellant's husband Homer Baker, and Emery Johnson were the principal parties involved in the incident which led to the shooting. These three men, with others, had spent the day at a restaurant owned and operated by Homer Baker and appellant. The restaurant is in the front part of a building behind which is a kitchen, and behind that is a combination living room and bedroom.

The three men above mentoned had generally loafed around the premises during the day, had indulged in some card playing, and had taken a few drinks. At about 7 o'clock p. m., while in the back room, Homer Baker and the deceased, Wilk Brock, engaged in an argument. Brock wished to borrow either Baker's automobile or Johnson's automobile for some temporary purpose. The two had a few heated words, and Brock struck at Baker. Baker dodged the blow and told Brock to get out. Thereupon Johnson pushed Brock out of the back room into the kitchen. At about the same time, Baker picked up a .22 rifle. Before he could do anything with it, Johnson turned back into the room, grabbed Baker and rifle and both men fell on the bed. Immediately thereafter Brock came into the room, jumped on the bed with the other two, and engaged in the general struggle to obtain possession of the rifle. There is some question concerning which of the three parties was on the bottom of the heap, in the middle, or on top, but this does not appear important.

At the time the above incidents occurred, appellant was in the restaurant part of the building. She heard the scuffling in the back room and, as she says, some one not identified hollered for her to come back there as the men were killing one another. She promptly picked up a .38 Special revolver from a shelf and went to the scene of the struggle. She testified that when she arrived in the doorway to the back room her husband called out for her to shoot Brock off him as he was about to kill him. Appellant thereupon called to Brock to "get

off her man" and almost instantly fired the single shot at him which resulted in his death. According to her own statement, appellant shot Brock as soon as she entered the room. There is substantial evidence that Brock was attempting to get up, but apparently did not have time to comply with appellant's order to "get off her man."

While appellant insists that she fired the shot to protect her husband whom she thought Brock was going to kill, it is undisputed that: (1) Brock did not have the rifle in his possession at the time, although he had hold of it, (2) Brock was not making any threatening move toward appellant's husband nor toward appellant.

In view of the facts above outlined, it was clearly a question for the jury to determine whether or not appellant's act constituted a crime or whether she was justified in killing Brock. Apparently realizing this, and to sustain his first ground for reversal, appellant's counsel insists that the jury was prejudiced against appellant and the case was not decided upon the evidence. In his brief he refers to a number of questions asked by the Commonwealth's Attorney which suggested to the jury that the Baker place of business was used for gambling and that there had been a substantial amount of drinking on the premises. The record indicates that the questions asked were competent, and we must say that the Court's rulings and general conduct of the trial were eminently fair to appellant.

Appellant introduced in the record, as part of his motion and grounds for a new trial, an affidavit of one of the jurors suggesting that the verdict resulted from a desire of the jury to send appellant to the penitentiary because of her bad reputation without regard to the crime for which she was being tried. This affidavit cannot be considered because Section 272 of the Kentucky Criminal Code of. Practice specifically provides that a juror cannot be examined to establish a ground for a new trial except to establish that the verdict was made by lot.

Appellant's second ground for reversal is based on the fact that three jurors on separate occasions absented themselves from the rest of the jury during the trial to go to the toilet. This was in violation of Section 244 of the Kentucky Criminal Code of Practice. Such viola-

tion imposed upon the Commonwealth the burden of showing that no opportunity had been afforded for the exercise of improper influence on those members of the jury separated from the rest of the Panel. The three jurors above mentioned were called back by the Court and thoroughly examined concerning what they did and what, if anything, was said to them by anybody. Their sworn testimony establishes that nothing improper occurred, and the temporary separation was not prejudicial to appellant. Walling v. Commonwealth, 260 Ky. 178, 84 S. W. 2d 10; Cox v. Commonwealth, 181 Ky. 433, 205 S. W. 385.

Appellant's third ground for reversal is that no instruction was given regarding her right to commit this killing in defense of her home. Clearly no such instruction was required because at the time of the shooting appellant was not defending her home. Her whole defense was that she was trying to keep Brock from killing her husband, and the Court fully instructed the jury on her right to shoot Brock in her husband's defense. In addition, Brock was admittedly a guest in appellant's home, and as a general rule under such circumstances the "Defense-of-Castle Doctrine" does not apply. Oney v. Commonwealth, 225 Ky. 590, 9 S. W. 2d 723.

For the reasons hereinabove stated the judgment is affirmed.