## Bailey v. Commonwealth.

November 18, 1949.

R. L. Brown, W. L. Rose and Glenn W. Denham for appellant.

James Inman, Charles B. Upton, A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Affirming.

The appellant, Ernest Bailey, was tried separately from his brother, Wesley Bailey, on the charge of raping Mrs. Lottie Adkins. See Wesley Bailey v. Commonwealth, 311 Ky., 483, 224 S. W. 2d 680, an opinion delivered today. He was sentenced to imprisonment for seven years under an instruction authorizing conviction of aiding and abetting Wesley Bailey in the commission of the crime of detaining a woman against her will for the purpose of having carnal knowledge of her.

It is necessary only to add to the recitation of facts in the other opinion that the victim never claimed that this man ever took hold of or ravaged her. But she very

positively testified that he was present and standing a few feet away while the act was being committed by his brother. Irena Thomas saw him running down the street from the place. Some dogs came barking across the field, and this apparently caused the two men to cease the assault upon the woman and to flee.

The defense here was an alibi also, but not the same as that offered by Wesley Bailey.

The only ground upon which a reversal of the judgment is sought is that the evidence concerning the appellant is of such doubtful and uncertain character that it does not establish his guilt beyond a reasonable doubt; in other words, that the verdict is the result of passion and prejudice, the defendant, a negro, being accused of assaulting a white woman.

We concur in the view of the circuit court that the evidence is sufficient to support the verdict. Obviously the appellant makes no complaint of the giving of instructions in this case on lesser degrees of the crime charged. This was justified by the court upon the ground that "Pip" Davis and his wife testified they had talked with the prosecutrix within five or six minutes after she had been assaulted and practically in the spot, and she had not then claimed that the act of rape had been consummated. This the court thought brought the failure to make the specific charge within the res gestae rule. There are other grounds upon which perhaps the instructions were based.

The jury was quite merciful, for the evidence would have sustained a verdict for the greater crime of aiding and abetting the rape.

The judgment is affirmed.