## Bailey v. Commonwealth.

November 18, 1949.

484

R. L. Brown, W. L. Rose and Glenn W. Denham for appellant.

James Inman, Charles B. Upton, A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

STANLEY, COMMISSIONER—Affirming.

This is a record of a sordid, heinous crime. The appellant, Wesley Bailey, was convicted of raping an elderly woman, and his punishment fixed at confinement in the penitentiary for life without privilege of parole. KRS 435.090.

Mrs. Lottie Adkins, who was about 68 years old, and her husband, 81 years old, white people, lived in a settlement of colored people in Williamsburg. About one o'clock on a Saturday night in July, 1948, the defendant and his brother, Ernest Bailey, young Negroes, knocked on their door and upon being asked who was there, the defendant replied that it was the Adkins' son. But they knew he was in Florida and did not let them in. Again they called for Mrs. Adkins to go to a neighbor who they said was sick, but she refused to open the door. She had seen the men through the window. A little later they burst open the door and came in. Wesley Bailey came to the Adkins' bed and took hold of the old gentleman, reached across him and laid his hand on her. Mrs. Adkins then fled out the back door. Wesley

Bailey pursued and caught her, knocked her down, drug her along into some weeds and raped her. He was drinking. The defendant and his brother, who was with him at the time, were well known to Mrs. Adkins. Her husband, who was nearly blind and in a dark room, did not undertake to identify the intruders, but her identification is very positive. While being pursued and dragged, she screamed, prayed aloud and cried out. Irena Thomas, a neighbor, being aroused, saw the men or one of them with Mrs. Adkins but was afraid to go to her rescue. Mrs. Adkins was considerably skinned up and bruised. The sheriff and a policeman were immediately called. Being told by Mrs. Adkins who had assaulted her, they went to the Bailey home. They saw two people in bed covered up but assuming them to be other members of the family asleep, the officers left the house. They returned in a little while and found it was the two men in bed with their clothes on. Their shoes were wet, which indicated they had been in the dewy grass or weeds. The men were taken immediately before Mrs. Adkins, and she identified them positively.

The defense was an alibi.

The court instructed only on the crime of rape, the meaning of "felonious," and reasonable doubt of the defendant's guilt having been proved. It is argued that failure to instruct on the lesser degrees of that crime was prejudicial error. The basis of the argument is that the woman had told the officers that night only that she had been mistreated, and on an examining trial of the defendant had used the same term. She admitted that before going before the grand jury she had never used the word "rape" although she had told what had happened, using the word "mistreated." She explained on the witness stand that she had been afraid of being disgraced. It is submitted that this constitutes some evidence from which the jury might have concluded that primary crime had not in fact been consummated. In overruling the defendant's motion for a new trial, the circuit court observed that "everyone in this section of the country knows what that expression means with respect to sex offenses." Reserved decency in language affords no escape. We think the court properly regarded the evidence. Whether so or not, he was correct in following Hambrick v. Commonwealth, 299 Ky. 653,

186 S. W. 2d 628. There the victim had made certain statements before the grand jury from which, in the absence of explanation, it could have been implied or argued that there had been only an attempt made to rape her. We pointed out the "vital circumstance" was that such testimony was not substantive evidence but was competent only for purposes of contradiction. As there, so here. Like the present case is Bard v. Commonwealth, 217 Ky. 479, 290 S. W. 337, where the defense was an alibi and the evidence showed guilt of rape, the crime charged, or none other. Hogue v. Commonwealth, 305 Ky. 298, 203 S. W. 2d 42, is distinguishable. It was held error not to have given an instruction on detaining a woman against her will for the purpose of having carnal knowledge of her because the testimony of the defendant contained an admission of an attempt but a denial of consummation.

To sustain the motion for a new trial, one of the attorneys appointed by the court to defend Bailey made an affidavit that the sheriff, J. L. Davis, had told him he would give him $10 so that he could tell the court that he was employed to prosecute the two brothers, adding that they "should be burned, or words to that effect." The attorney refused and assisted in the defense. It is argued that it was unfair that the sheriff should have summoned bystanders to serve on the jury in the light of his attitude and the fact he was a witness in the trial. The action of the sheriff was, of course, highly improper. But no objection was made to the sheriff continuing to perform the duties of his office; hence, even if his conduct should be regarded as a disqualification, it was waived.

Another ground upon which reversal is sought is newly discovered evidence. The appellant's brother, Ernest Bailey, was tried a few days later and before the motion for a new trial in this case was acted upon. In the brother's case, two neighbors, "Pip" Davis and his wife, were called to testify in his behalf. It is submitted that their evidence to the effect that Mrs. Adkins returned in four or five minutes from the time she had been dragged past their house, was evidence in behalf of the defendant, Wesley Bailey, which was not previously discovered. Aside from the irregular procedure and an absence of showing of diligence, the testimony of

these two witnesses instead of helping the defendant, Wesley Bailey, would have made the Commonwealth's case stronger. No error was committed in overruling the motion for a new trial on this ground.

The attorneys appointed for the court made a valiant fight for their guilty client. The jury would have been justified in fixing the more severe penalty, namely, death by electrocution.

The judgment is affirmed.

## Bailey v. Commonwealth.

November 18, 1949.

R. L. Brown, W. L. Rose and Glenn W. Denham for appellant.

James Inman, Charles B. Upton, A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.