**Leroy MORRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1972.

William C. Morton, Gordon, Gordon & Logan, Ronald E. Butler, Nichols, Nichols, Adams & Butler, Madisonville, for appellant.

Ed W. Hancock, Atty. Gen., John M. Famularo, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

On February 11, 1971, appellant Leroy Morris, a black, was convicted of manslaughter for killing Eddie Wilson and was sentenced to imprisonment for 21 years. He was represented in the trial court proceedings by court-appointed counsel. No timely appeal was lodged, but in an action brought pursuant to RCr 11.42 he was granted a belated appeal.

Morris contends there was systematic exclusion or reduction of black citizens from the jury panel in the circuit court where he was convicted and that this practice violated his rights under the Fourteenth Amendment of the Constitution of the United States. He also argues that because no black jurors served on the jury which convicted him he was denied due process, therefore he is entitled to a new trial. He relies on Alexander v. Louisiana, 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972).

Appellant's complaint concerning the alleged exclusion of blacks from the jury was never presented to the trial court for consideration. The matter was not properly preserved for appellate review, and we may not consider it on appeal. Phelps v. Commonwealth, Ky., 435 S.W.2d 86 (1968); Burnam v. Commonwealth, 289 Ky. 312, 158 S.W.2d 131 (1942).

Counsel for Morris attempts to present the facts to us by filing affidavits with the brief submitted on this appeal. In Triplett v. Commonwealth, Ky., 439 S.W. 2d 944 (1969), we pointed out that evidentiary matter not offered for consideration by the trial court would not be con-

sidered at the appellate level as "This is not a court of original jurisdiction."

The record does not establish that there has been "invidious discrimination", if any discrimination, therefore Alexander v. Louisiana, supra, does not apply. The appellant, having accepted the jury and having failed to raise in the trial court the issue presented here, is entitled to no relief.

The judgment is affirmed.

All concur.