CASE 4.—PROSECUTION AGAINST RICH JONES FOR RAPE. —Dec. 7.

# Jones v. Commonwealth

Appeal from Trigg Circuit Court.

THOMAS P. COOK, Circuit Judge.

Defendant convicted and appeals.    Affirmed.

1.  Indictment—Written in Pencil—The fact that an indictment was partly written in pencil will not vitiate it. Had it been wholly written in pencil it would have been legal.

Jones v. Commonwealth.

2. Former Jeopardy—New Trial—Defendant's Motion—A plea of former jeopardy can not be sustained where, after conviction, the verdict was set aside and a new trial granted on the defendant's motion.

3 Rape—Age of Victim—Necessary Allegation—An indictment for rape need not charge that the female charged with being carnally known was above twelve years of age, as a failure to make such allegation in an indictment must be understood as meaning that the female was above that age.

MA⸚ HANBERRY, JOHN C. DABNEY, AND R. A. BURNETT Attorneys for Appellant.

A reversal is asked in this prosecution.

1. Because the verdict is contrary to the evidence.

2. Because the verdict is contrary to law.

3. Because the court failed to recognize the defendant's plea of former jeopardy or acquittal in the case and instruct the jury upon the same to find him not guilty.

### AUTHORITIES CITED.

Ky. Statutes sec. 1154: Nelson v. Commonwealth; 3 Bush 104; 9 Bush 333; 90 Ky. 262; 78 Ky. 93; 88 Ky. 386; 85 Ky. 68. (Sec. 243 and 252 of the Code unconstitutional.)

N. B. HAYS AND C. H. MORRIS for Appeellee.

1. The only grounds upon which a motion in arrest of Judgment may be sustained, is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

2. The sustaining of a demurrer and re-submission to the grand jury does not constitute jeopardy, and is not an acquittal in any sense of the word.

3. The first trial was no bar to the second trial, nor was it a bar to the re-submission to the grand jury.

### CITATIONS.

McLaughlin v Commonwealth, 18 R. 205; Ky. Statutes, sec. 1154: Ky. Criminal Law and Procedure Roberson vol. 1, page 357; Commonwealth v Arnold, 83 Ky., 1; Wells v. Commonwealth, 9 R. 658; Harkins v. Commonwealth, 109 Ky., 545; Criminal Code 270.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is prosecuted upon a partial record,
no bill of exceptions or evidence appearing therein.
At the September term, 1905, of the Trigg circuit
court an indictment (No. 875) was returned against
appellant, charging him with the crime of carnally
knowing a woman by force, and against her will and
consent. At the same term of the court he was tried
and found guilty, his punishment being fixed at con-
finement in the penitentiary for a period of 20 years.
A motion for a new trial was made, and sustained by
the court; the grounds therefor not appearing in the
record. At the January term, 1906, the court, on
motion of the commonwealth's attorney, set aside the
first indictment, and resubmitted the case to the grand
jury, who, on the 23d day of that month, returned an
indictment (No. 944) against the accused, charging
him with the same offense. This indictment reads
as follows: "Trigg Circuit Court. January Term,
1906. Commonwealth of Kentucky, against Rich
Jones. Indictment. The grand jury of Trigg county,
in the name and by the authority of the Common-
wealth of Kentucky, accuse —— of the crime of rape,
committed in the manner and form as follows to-wit:
That said Jones did in the county and state aforesaid,
on the 12th day of August, 1905, and before the find-
ing of this indictment, willfully, feloniously, and by
force, carnally know Corney Thomas, a female, with-
out her consent and against her will, against the
peace and dignity of the Commonwealth of Ken-
tucky." This indictment was signed by the common-
wealth's attorney and presented by the foreman of
the grand jury in open court in the usual form.
During that term of the court, the following proceed-

ings were had, as shown by the order of court: "Trigg Circuit Court. January Term, 1906. Commonwealth of Kentucky, against Rich Jones. The Commonwealth came by attorney and the defendant was brought into court by the jailer and waived formal arraignment, acknowledged identity of person and entered a plea of not guilty. Thereupon came the following jury (who are named), and the panel being completed, were duly sworn to well and truly try the issue joined; thereupon the defendant by counsel filed a general demurrer to this indictment, and same coming on to be heard, and the court fully advised, doth sustain said demurrer, and orders this prosecution resubmitted to the present grand jury; to which the defendant objected and excepted; and the defendant is ordered held in custody to await the action of the grand jury." On that day the grand jury returned another indictment (No. 973) against the appellant, which was an exact duplicate of indictment No. 944, except the appellant's name, Rich Jones, was inserted in the blank space which appeared therein, and these words were added: "This indictment is returned in lieu of an indictment for the crime this day dismissed by the court with leave to resubmit to the present grand jury." On the following day the appellant was again put upon trial to answer the charge contained in the last indictment, and he filed a plea of former jeopardy, and not guilty. The court evidently ignored this plea, as the trial proceeded, resulting in the conviction of the accused, his sentence being fixed at confinement in the penitentiary for the period of 10 years. Appellant was convicted for the offense named in section 1154, Ky. Stats., 1903.

The first ground urged by counsel as a cause for reversal is that the indictment failed to charge that the female carnally known by the appellant was

"above 12 years of age." This question has been settled adversely to appellant in the case of McLaughlin v. Commonwealth, 35 S. W., 1030, 18 Ky. Law Rep., 205. In that case it is said: "The accused was indicted for rape, tried, convicted, and sentenced to the penitentiary for 10 years. The indictment is not defective because it failed to state that Clyde McFerran, upon whom the rape is alleged to have been committed, was over 12 years of age. A rape may be committed on a female of any age, but when she is under 12 years of age the punishment is greater than when she is over that age. When the indictment fails to allege that the female upon whom the rape is committed is under 12 years of age, then it must be understood as meaning she is above that age."

The next ground relied upon is that in the last indictment the name of the appellant, Rich Jones was inserted in the blank space in pencil, as was also the additional words to the effect that the indictment was returned in lieu of another, etc. This fact appears in the record as having been agreed to by the parties. In our opinion, it does not vitiate the indictment, or subject it to demurrer. Had the indictment been written wholly in pencil it would have been legal, and it is none the less so because part of it was in pencil.

The only other question necessary to be considered is whether the court erred in ignoring appellant's plea of former jeopardy. The appellant cannot claim that his plea of former jeopardy should be sustained on account of the first trial, because, after his conviction, on his own motion the verdict and judgment were set aside, which left him in the same position as if there had been no trial. Commonwealth v. Arnold, 83 Ky., 1, 6 Ky. Law Rep., 181, 4 Am. Stat. Rep., 114. The same principle applies to the disposition of the second indictment. It is true, the

order shows that he objected and excepted to the action of the court, but this evidently had reference to the resubmission of the case to the grand jury for another indictment. It is certain that the objection and exception taken did not apply to the action of the court in sustaining the demurrer interposed by him. It was his own act which caused the dismissal of that indictment, and it cannot, therefore, be said that this was done against his consent. It has often been decided by this court that a party is in legal jeopardy when he is put upon trial before a court of competent jurisdiction upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance; and a jury is said to be thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of the bar by the dismissal of the indictment against his will, or by the discharge of the jury, and a continuance of the case. Under the facts as they appear in this record, the indictment was not dismissed and the jury discharged against appellant's will, but the same occurred by reason of his own acts, which must de deemed to have been by his consent. O'Brian v. Commonwealth, 9 Bush, 333, 15 Am. Rep., 715, Gaskins v. Commonwealth, 97 Ky., 494, 17 Ky. Law Rep., 352, 30 S. W., 1017, and Williams v. Commonwealth, 78 Ky., 93. Entertaining these views, it is not necessary to determine whether indictment No. 944, in its incomplete condition, was sufficient in form and substance to sustain a conviction; conceding it to be so, the record shows it was dismissed, and appellant's jeopardy ceased by reason of his own acts and with his consent.

For these reasons, the judgment of the lower court is affirmed.