## Melone v. Commonwealth.

(Decided April 16, 1924.)

### Appeal from McCracken Circuit Court.

1. Rape—Indictment Held Sufficient Though Word "Ravish" was Omitted.—An indictment charging that accused did feloniously commit a rape upon a certain person by force and violence, against her will, held sufficient, though the word "ravish" was omitted from the descriptive part; the word "ravish" meaning only criminal knowledge of a woman by force and against her consent, in view of Criminal Code of Practice, section 122.

2. Rape—Failure to give Instruction on Crime of Detaining Woman Against Her Will Held Not Error.—In prosecution for rape upon an infant under twelve years of age, the court did not err in failing to instruct on the crime of detaining a woman against her will; the defense being an alibi, and all the evidence indicating that if a crime was committed it was either rape or attempted rape.

J. BELL NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and C. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Under· an indictment charging him with the crime of rape upon a female under twelve years of age, appellant was convicted of attempting to commit such crime and on this appeal contends that the indictment was defective in that the word "ravish" was omitted from the descriptive part, which reads:

"The said St. Clair Melone in the said county of McCracken on the 28th day of September and before the finding of this indictment did feloniously and forcibly commit a rape upon the person of Stella May Gray, she being a female under twelve years of age, by forcibly and with force and violence causing and forcing her to have sexual intercourse with him against her will and consent."

It may be said that at· common law certain words were considered especially apt and appropriate in the description of crime and were given a technical meaning which by long usage became known as "words of art" and were considered indispensable in an indictment.

In the first half of the last century this court had no criminal jurisdiction and trial courts closely followed common law precedents; indeed, this was the only way in which uniformity of practice was maintained. Even after criminal jurisdiction was acquired and the code adopted, the great jurists who composed the court were men who had grown up under that form of practice and in many of the earlier decisions they stressed the importance of the use of technical words in describing common law offenses; but of late years the liberal rule of criminal pleading authorized by the code is fully sanctioned and now synonymous words or expressions conveying the same meaning are permitted in lieu of technical ones.

The word ravish signifies ''to constuprate, to deflower by violence, to have criminal knowledge of a woman by force and against her consent.'' 33 Cyc. 1536. ''Equal to and having the same import of having carnal knowledge with force.'' Echslemp v. State, 28 Amer. Rep. 399. ''To have carnal knowledge of a woman by force and against her consent.'' Webster's New International Dictionary.

''Feloniously did ravish and carnally know'' implies ''that the act was done forcibly and against the will of the woman.'' Bouvier's Law Dictionary.

It will thus be seen that every shade of meaning that can be given the word ravish was included in the description of the offense in the indictment, and the offense is stated with sufficient clearness and certainty to enable a person of common understanding to know what he was charged with and to enable the court to pronounce judgment on conviction. This is all that is required by the code. Crim. Code, sec. 122.

The court instructed on the crime of rape and attempted rape but did not give an instruction on the crime of detaining a woman against her will.

It is urged that the latter offense is a degree of the crime of rape carrying a lesser penalty than that of attempting to have carnal knowledge of an infant under twelve years of age, and as it applies to women of all ages it should have been given as part of the law of the case.

At common law an attempt to commit a rape was a misdemeanor, but the statute has made it a felony if the female is under twelve years of age; also to detain a wo-

man of any age with intent to have carnal knowledge with her is by statute a felony. Assuming but not deciding, that a distinction may be drawn between attempted rape and detention and that in a proper case the jury might be instructed as to both, it does not follow that such instruction should be given in all cases.

In this case the prosecuting witness, a girl ten years of age, testifies that the sexual act was completed. A physician testifies that he examined her subsequent thereto and found the parts swollen and inflamed. He could not say as to penetration, but in his opinion an adult could not have performed the sexual act with so small a child. The defense is an alibi, hence, all the evidence in the case indicated that if the crime was committed it was either rape or attempted rape, and there was no evidence upon which to predicate any other instruction. The evidence was sufficient to support the verdict, and as no error appears affecting the substantial rights of the appellant the judgment is affirmed.