## Alderson v. Commonwealth.

(Decided March 1, 1927.)

### Appeal from Henderson Circuit Court.

1. Rape—Indictment for Carnally Knowing Female Under 18, Not Alleging Defendant was Over 21, Charged Misdemeanor Only, and Felony Instruction was Error (Ky. Stats. Supp. 1926, Section 1155).

—Where indictment, under Ky. Stats. Supp. 1926, section 1155, for carnally knowing female under age of 18 years did not state that defendant was over 21, it charged misdemeanor only, and giving of instruction on felony was reversible error.

2.  Criminal Law—Prosecuting Witness's Child Should Not be Permitted in Courtroom During Impaneling of Jury in Prosecution for Carnally Knowing Female Under 18 (Ky. Stats. Supp. 1926, Section 1155).—Prosecuting witness' child should not be permitted in courtroom during impaneling of jury in prosecution for carnally knowing female under age of 18, under Ky. Stats. Supp. 1926, section 1155, since defendant cannot show other sexual acts of prosecuting witness, and jury might naturally; conclude that defendant was child's father.

3.  Criminal Law—Evidence of Similar Offenses can be Considered Only for Corroboration in Prosecution for Carnally Knowing Female Under 18 (Ky. Stats. Supp. 1926, Section 1155).—In prosecution, under Ky. Stats. Supp. 1926, section 1155, for carnally knowing female under age of 18 years, evidence of other offenses of like nature can be considered only for purpose of corroboration.

4.  Criminal Law—Evidence that Defendant was Run Out of Park on Other Occasions, Held Inadmissible in Prosecution for Carnally Knowing Female Under 18 (Ky. Stats. Supp. 1926, Section 1155).— In prosecution under Ky. Stats. Supp. 1926, section 1155, for carnally knowing female under age of 18 years, evidence that defendant was run out of park on other occasions by park guard is inadmissible.

HENSON & TAYLOR for appellant.

FRANK E. DAUGHERTY, Attorney General. and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

George Alderson was convicted under section 1155 of the statute for carnally knowing a female under the age of 18 years and his punishment fixed at five years in the penitentiary.  The indictment did not state that the defendant was over 21 years of age and therefore charged a misdemeanor only.  It was error for the court to instruct upon a felony, and for that reason a conviction cannot be upheld and the case must be reversed.  Hewitt v. Com., 216 Ky. 72.

Some of the other questions raised on this appeal may arise again and for that reason will be noticed.  It appears that during the impanelling of the jury the commonwealth's attorney would point to the prosecuting witness, who was seated at a table with a young infant in

her lap. Defendant objected to the presence of the child and after a time it was removed from the room, but not until after the jurors had observed it. On another trial the court will not permit this to occur. When the jury sees that the prosecuting witness is a mother they of course conclude that she has had sexual relation with some man. The defendant is not permitted to prove other sexual acts or specific acts of unchastity upon the part of the witness, and in the absence of such evidence the jury may naturally infer that the defendant is the author of her ruin, hence such an exhibit is quite prejudicial and his rights in this respect should be carefully guarded.

On another trial, after the commonwealth has elected which offense it will prosecute, if it undertakes to prove other offenses of like nature the court will admonish the jury that they cannot convict the defendant for these offenses and that such evidence can be considered alone for the purpose of corroboration. Newsom v. Com., 145 Ky. 627.

The evidence as to the defendant being run out of the park on other occasions by the park guard is inadmissible and will not be offered again. All questions not discussed are reserved.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.