## Page v. Commonwealth.

(Decided March 22, 1927.)

### Appeal from Daviess Circuit Court.

1. Criminal Law.—In rape trial, failure to instruct on defendant's theory that he did not have intercourse with prosecutrix, but only attempted to do so, held prejudicial error.
2. Rape.—Mere offer or attempt at intercourse, without penetration, is not rape, but only the crime of "attempt at rape."
3. Rape.—In trial on indictment under Ky. Stats., section 1154, for rape alone, age of parties is not important.
4. Rape.—Where there is evidence, in trial for rape only under Ky. Stats., section 1154, that there was no penetration, but only an attempt at penetration, accused is entitled to instruction, under section 1158, on unlawful taking and detention of a woman against her will for purpose of having carnal knowledge of her.

LOUIS I. IGLEHEART for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee. ·

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Page, an an eighteen year old boy, was indicted in the Daviess circuit court of the crime of rape upon the body of Mary Whitaker, a seventeen year old girl. His case was submitted to a jury and it returned a verdict of guilty and fixed his punishment by confinement in the state penitentiary for a period of ten years. He appeals. These two young people were sweethearts for a year or so before the happening of which the commonwealth now complains, and, according to the evidence of the parties, were engaged to be married shortly after the occurrence. According to his evidence he was guilty

of nothing more than fornication, while the evidence of the prosecutrix is to the effect that he wilfully, feloniously and with force and violence accomplished the heinous crime. The indictment accused appellant "of the crime of rape upon the body of a female." Section 1154, Kentucky Statutes, says:

> "Whoever shall unlawfully carnally know a female, of and above twelve years of age, against her will or consent or by force, or whilst she is insensible, shall be guilty of rape, and punished by confinement in the penitentiary not less than ten nor more than twenty years or by death, in the discretion of the jury."

In the case of Bethel v. Commonwealth, 80 Ky. 526, it was held that one charged with rape is entitled to have the jury instructed as to the whole law applicable to the case and in all its degrees as defined by sections 262 and 263, Criminal Code. In the recent case of Mosley v. Commonwealth, 206 Ky. 173, it was said:

> "The crime of carnally knowing a female under the age of eighteen years is a degree of the crime denounced by section 1154, Kentucky Statutes, denominated 'carnally knowing a female against her consent. Dunn v. Commonwealth, 193 Ky. 842. The court, therefore, should have instructed the jury upon the law governing the crime of attempt to rape, for it is a degree of the crime of rape."

Further along in the same opinion, it is said:

> "In cases where the evidence does not prove beyond doubt that the crime of rape was completed, but does prove an attempt to commit that crime, it is the duty of the trial court to instruct the jury upon the whole law applicable to the crime of rape and all of its degrees, as defined in sections 262 and 263 of the Criminal Code. Detaining a woman against her will is a degree of the crime of rape. Stewart v. Commonwealth, 141 Ky. 522. . . .
>
> "The trial court erred in failing to give the whole law of the case. Instructions upon the crime of rape, attempt at rape and unlawfully detaining a woman against her will should have been given. In addition to this the court should have instructed the jury upon any theory of defense which appel-

lant may present that would, under the law, excuse or mitigate his crime.''

In the instant case the trial judge instructed the jury only upon the crime of rape, defining that crime, and upon reasonable doubt. No instruction upon the appellant's theory that he did not have intercourse with the prosecutrix, but only attempted to do so, was given. This was error prejudicial to the rights of appellant. If there was no penetration, as claimed by appellant, but only an offer or attempt at intercourse, then there was no rape, but only the crime of attempt at rape was committed. The evidence of appellant was to the effect that he only tried to have intercourse with prosecutrix, and this with her consent, but was unsuccessful in that there was no penetration. The age of the parties is not important in an indictment under section 1154, where the old crime of rape alone is charged, and in such case when there is evidence tending to show there was no penetration, and there was no rape but only an attempt at penetration, the accused is entitled to an instruction under section 1158, Kentucky Statutes, of unlawfully taking and detaining a woman against her will for the purpose of having carnal knowledge of her.

For the reason indicated the judgment is reversed for new trial.