## Oldham, et al. v. Commonwealth.

### (Decided October 4, 1927.)

### Appeal from Hart Circuit Court.

1. Rape.—Indictment under Ky. Stats., sec. 1154, for carnal knowledge of a female under 16 without her consent, which failed to allege that the defendants were over 21 years of age, that the female was over 12 years of age, and that she was not the wife of the defendant actually committing the act, charged only a misdemeanor if intercourse was with female's consent, and hence an instruction, under section 1155, as amended by Acts 1922, c. 17, permitting a conviction for felony if intercourse was had with female's consent, erroneous.

2. Indictment and Information.—Defendant cannot, under an indictment which charges only a misdemeanor, be convicted of a felony.

3. Rape.—Indictment charging that one defendant forcibly and feloniously and against her consent did carnally know female under 16, and that the other defendants aided and abetted, held sufficient, under Ky. Stats., sec. 1154.

E. L. VASS and H. L. JAMES for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Section 1154, Kentucky Statutes, is in these words:

"Whoever shall unlawfully carnally know a female, of and above twelve years of age, against her will or consent, or by force, or whilst she is insensible, shall be guilty of rape, and punished by confinement in the penitentiary not less than ten nor more than twenty years or by death, in the discretion of the jury."

Appellants were indicted under this statute. It was charged in the indictment that Samuel Oldham feloniously and forcibly and against her consent did "carnally know Zella Kessinger, a female at the time under 16

years of age," and that the other defendants were present aiding and abetting him. It was not charged in the indictment that Zella Kessinger was at the time "of and above 12 years of age." The court by the first instruction to the jury submitted to them whether the crime defined in section 1154 had been committed. By the second instruction to the jury the court submitted to them whether the carnal knowledge of Zella Kessinger was had with her consent when she was not at that time the wife of Samuel Oldham and under the age of 16 and above the age of 12 years, as provided by section 1155, Kentucky Statutes, as amended by Acts 1922, c. 17. The jury returned a verdict finding the defendants guilty under the second instruction, and fixing their punishment at 5 years' imprisonment. The defendants appeal.

The indictment not only failed to show that Zella Kessinger was over 12 years of age, but it also failed to show that the defendants, or any of them were over 21 years of age, and it did not show that she was not the wife of Samuel Oldham. In Hunley v. Commonwealth, 217 Ky. 675, 290 S. W. 511, it was held that an indictment under section 1155, Kentucky Statutes, as amended by the Acts of 1922, c. 17, is defective if it fails to charge that the female was not the defendant's wife. In Hewitt v. Commonwealth, 216 Ky. 72, 287 S. W. 223, and Alderson v. Commonwealth, 218 Ky. 591, 291 S. W. 1012, it was held that an indictment which does not state that the defendant was over 21 years of age charges a misdemeanor only under section 1155, Kentucky Statutes, as amended. As the indictment in this case showed only a misdemeanor had been committed, if the carnal knowledge was with the female's consent, a conviction for felony cannot be sustained. For the defendant cannot under an indictment charging only a misdemeanor be convicted of a felony. The second instruction of the court was therefore not warranted.

It is said in the brief that the defendants demurred to the indictment and their demurrer was overruled, and that this has been omitted from the record by mistake. The indictment is sufficient under section 1154, Kentucky Statutes. Jones v. Commonwealth, 124 Ky. 26, 97 S. W. 1118, 30 Ky. Law Rep. 288. It is unnecessary for the court now to determine whether the evidence is sufficient to warrant a conviction, and this question is reserved.

Judgment reversed, and cause remanded for further proceedings consistent herewith.