# Haycraft v. Commonwealth.

(Decided December 19, 1930.)

L. V. MATTINGLY for appellant.

J. W. CAMMACK, Attorney General, (DOUGLES C. VEST of counsel), for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Jack Haycraft, and one Joe Haycraft were jointly indicted in the Grayson circuit court, charged with stealing chickens of the value of more than two dollars, the property of Tom Blessett. At his separate trial thereunder appellant was found guilty and punished by confinement in the penitentiary for one year and one day. After his motion for a new trial was over-

ruled he prosecuted this appeal, and his counsel argues but two grounds for reversal, which are: (1) Error of the court in overruling appellant's offered peremptory instruction, and (2) that the verdict is flagrantly against the evidence so as to entitle appellant to a new trial therefor. But, unfortunately for appellant or his counsel, or perhaps both of them, no such reasons or grounds are contained in the motion for a new trial. That entire motion, excluding caption and signature, is in these words: "Comes defendant, Jack Haycraft, and moves the court to set aside the verdict in the above styled action and grant him a new trial because of newly discovered evidence, and he prays judgment herein, granting him a new." Evidently the word "trial" following the word "new" was omitted by mistake of the clerk who copied the record, or by the attorney who prepared the motion.

The alleged newly discovered evidence was set forth in an affidavit of appellant, and another one made by Everett Lindsay, and each of the affiants stated that one John Alvey had stated to them that he and appellant's codefendant, Joe Haycraft, stole the chickens of Blessett, and that appellant was not present, nor did he have any connection therewith. It is manifested in the record that Joe Haycraft, appellant's codefendant in the indictment and one of the alleged perpetrators of the crime jointly with John Alvey, was present at the trial, and he was neither introduced, nor offered as a witness. Moreover, neither the affidavit of Alvey nor that of Joe Haycraft was filed in support of such alleged newly discovered evidence.

It is, therefore, apparent that the court did not err in overruling the only ground relied on in the motion for a new trial, and, since appellant did not incorporate in his motion either of the only two grounds discussed in brief of his counsel, he may not avail himself of either of them, unless perhaps there was a total absence of any testimony or guilty circumstance to establish the charge, but which we do not find to be true.

Wherefore, the judgment is affirmed.