## Merriss v. Commonwealth.

May 16, 1941.

McGarry & Rich, Ralph P. Rich and Stephens L. Blakely for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

Three indictments were returned against the appellant, John J. Merriss, the indictments being numbered 8760, 8761 and 8762. Indictment No. 8760 accused appellant of the crime of rape provided by Kentucky Statutes, Section 1154—the crime was allegedly committed against Ruth Leonard. Indictment No. 8761 was under Kentucky Statutes, Section 1155, and charged appellant with having carnal knowledge of Ruth Leonard, a female under 18 years of age and over 12 years of age with her consent but did not allege appellant's age. Indictment No. 8762 was under Kentucky Statutes, Section 1153, and accused appellant of attempting by force to commit rape upon Aileen Courtney, a female under 12 years of age.

Appellant was tried on all three indictments at the same time and an order appears in the record which, while it is somewhat ambiguous, is open to the construction that appellant agreed to this procedure. As indictment No. 8761 charged only a misdemeanor by reason of its failure to allege that appellant was over 21 years of age, Hewitt v. Com., 216 Ky. 72, 287 S. W. 223; Alderson v. Com., 218 Ky. 591, 291 Ky. 1012, the trial court submitted only the misdemeanor and appellant was convicted thereof and his punishment fixed at a fine of $250.

On indictment No. 8760 appellant was found guilty of rape as charged in the indictment and his punishment fixed at ten years in the penitentiary. On indictment No. 8762 he was found guilty of the included felony of detaining a woman against her will provided by Kentucky Statutes, Section 1158, and his punishment fixed at two years in the penitentiary. On this appeal from the judgments entered on each of the verdicts many questions are raised and we will discuss such of those as we deem sufficient to merit consideration.

One question most earnestly relied upon by counsel for appellant is that error was committed in trying all three cases at the same time. It is conceded that appellant could legally consent to this procedure but urgently insisted that his mere failure to object to it should not be construed as a consent. As indicated above, however, an order, somewhat ambiguous in its wording is open to the construction that appellant did so agree. In view of this order and his admitted failure to object to this procedure and in view of the fact that he failed to assign this procedure as a ground for new trial we conclude there is no merit in this contention. Assignments of error not incorporated in a motion for new trial cannot be considered on appeal. Haycraft v. Com., 236 Ky. 664, 33 S. W. (2d) 646; Wooten v. Com., 245 Ky. 266, 53 S. W. (2d) 557.

It is insisted further that error was committed in overruling the defendant's motion to quash each of the indictments. Section 120 of the Criminal Code of Practice provides "When an indictment is found, the names of all the witnesses who were examined must be written at the foot of or on the indictment." It has been held that a failure to comply with this section of the Code is ground for quashing the indictment when the motion is seasonably made. Porter v. Com., 145 Ky. 548, 140 S. W. 643; Sutton v. Com., 97 Ky. 308, 30 S. W. 661, 17 Ky. Law Rep. 184. It is insisted that this motion should have been sustained because the names of the prosecuting witnesses, Ruth Leonard and Aileen Courtney, did not appear on the indictments among the list of witnesses who testified before the grand jury. However, it is not shown by the motion, or in any other manner, that either of these witnesses appeared before the grand jury—it is merely recited in the motion that the name of a material witness does not appear on the indictment.

It is only witnesses who are examined by the grand jury whose names must appear on the indictment. It is possible that the grand jury returned the indictments without these two girls appearing and, as pointed out in Porter v. Com., supra, the Code provision does not prevent the Commonwealth from introducing witnesses whose names are not on the indictment. Aside from these reasons, the appellant could not have been prejudiced by the failure to place these names on the indictment. As the offenses were alleged to have been committed against these girls the appellant must necessarily have anticipated that they would appear as witnesses against him. We conclude that no error prejudicing the substantial rights of the appellant occurred here.

Grounds assigned for reversal of the misdemeanor judgment on indictment No. 8761 are 1) that the evidence was insufficient to sustain the verdict, 2) that the indictment merely charged that the female was under 18 years of age without assigning her age to one of the brackets set up by Section 1155, and 3) that the instruction failed to submit to the jury the question of the female's age. As to the charge contained in this indictment Ruth Leonard, a 16 year old inmate of the Covington Protestant Children's Home, where appellant was employed as physical director for boys, testified that several times in the month of April, 1939, appellant attempted to have carnal knowledge of her with her consent and succeeded on one occasion. On direct examination her testimony was sufficient to show only that appellant attempted to have carnal knowledge of her but did not succeed. On re-direct examination, however, as a result of questions that were somewhat leading, but not objected to, she finally stated that appellant did succeed in having sexual intercourse with her. While this testimony was subject to the inference that appellant might not have accomplished the act of intercourse but only made an attempt to do so, we are of the opinion that it was sufficient to sustain the verdict of the jury finding that the act of intercourse was consummated.

We are of the opinion there is no merit whatever in the second contention since an offense is committed by having carnal knowledge of a female under 18 years of age and the age graduations appearing in the statute are merely for the purpose of fixing the punishment to be inflicted.

In instructing on indictment No. 8761 the jury were told to find appellant guilty if they believed that he did "carnally know Ruth Leonard, a female under 18 years of age, not his wife." It is insisted that this was equivalent to telling the jury that Ruth Leonard was under 18 years of age and not the wife of appellant and urged that the instruction should have been so framed as to submit these questions specifically to the jury. Had there been any controversy or question as to the age of Ruth Leonard or any intimation in the evidence that she was the wife of appellant, we would be inclined to give serious consideration to this contention but the evidence is conclusive that she was 16 years of age and appellant did not question her age nor was there any intimation that she was his wife. In these circumstances we are constrained to hold that appellant's substantial rights were not prejudiced by a failure to make the instruction more specific in these particulars. Better practice, of course, requires that an instruction of this character should be so framed as to submit in more specific form the age of the girl and the question whether she was the wife of the accused.

As to the crime of rape charged in indictment No. 8760, Ruth Leonard testified that after the carnal knowledge of her by the appellant in the month of April she left the Children's Home and went to a private home to live but her younger brother continued to be an inmate of the Children's Home. In the month of May, according to her testimony, she returned to the home to see her brother and on that occasion the appellant pulled her into his room on the second floor of the Institution and had carnal knowledge of her by force• and against her will. In telling the details she stated that appellant forced her onto a bed and attacked her. She was asked the question "Did he succeed in his attack?" to which she answered "I guess he did." She was then asked "Don't you know?" and replied "No sir." On being again asked whether appellant succeeded in his purpose she replied "I imagine he did" and finally, after further questioning in a very leading manner (to which no objection was made), she stated that appellant actually had intercourse with her. Appellant flatly contradicted this testimony and stated that he merely saw and spoke to the girl on the occasion mentioned.

It is contended that this testimony of Ruth Leonard

was insufficient as a matter of law to establish that appellant had carnal knowledge of her and, in any event, that it was not sufficient to sustain the verdict. It is also argued that even though the last-mentioned contention be not well founded yet the evidence shows plainly that any such carnal knowledge, if any, was had with consent and the verdict of the jury to the contrary is flagrantly against the evidence. We are unable to agree with these contentions since the witness did finally state that appellant accomplished his purpose of having carnal knowledge of her and that such carnal knowledge was accomplished by force and against her will. It does appear to us that the jury would have been warranted in drawing the inference from the testimony that the carnal knowledge was not actually consummated but we cannot say that their finding that it was consummated was flagrantly against the evidence. And, while it is our opinion, after a careful examination of the evidence, that appellant had carnal knowledge of the girl with her consent and not against her will, we do not find ourselves justified in holding that the jury's finding that it was accomplished against her will is flagrantly against the evidence. In view of the fact, however, that the girl's testimony was clearly subject to the legitimate inferences, first, that carnal knowledge was not actually consummated and, second, that, if it was, it was with her consent, we cannot escape the conclusion that an error was committed in failing to instruct on the common-law misdemeanor of attempting to have carnal knowledge of her with her consent. This misdemeanor is a degree of the common-law crime of rape, Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246, and by reason of this failure to instruct on this included offense the judgment must be reversed. It is appellant's argument that error was committed in failing to instruct on the common-law crime of attempted rape but this argument is sound only to the extent indicated, namely, that an instruction should have been given on attempt to commit the felony created by Kentucky Statutes, Section 1155. It is true that it has been frequently held by this court that in a prosecution for rape in violation of Section 1154 an instruction on attempted rape should be given where the evidence justifies it, Gilley v. Com., 280 Ky. 306, 133 S. W. (2d) 67, and cases therein cited, but it clearly appears to us after a careful examination of this question that it is never necessary in this type of prose-

cution to instruct on the common-law crime of attempt to commit rape since every such attempt is included in and covered by Section 1158 of the Statutes making it a felony to detain a woman against her will with intent to have carnal knowledge of her. Every attempt to have carnal knowledge of a woman by force or against her will is covered by the last-mentioned section. The purpose of that section was to increase the punishment for the common-law crime of attempted rape and to go even further, that is, to make every demonstration of force against a female, accompanied by intent to have carnal knowledge of her, a felony even though such action did not progress to the point of becoming an actual attempt to rape. We hold that when an instruction is given under Section 1158 as to detaining a woman against her will, as was done here, there is no reason or necessity for giving an instruction as to the common-law crime of attempted rape since it is included in and covered by the instruction given under Section 1158. The confusion seems to have originated in applying the term "rape" to the felony created by Section 1155, that of having carnal knowledge of a female under the age of consent. There was no such felony as the latter under the original common law. The crime of rape at common law always involved the element of force, a ravishment, and it was no crime to have carnal knowledge of a female with her consent no matter how young she may have been. In the reign of Queen Elizabeth carnal knowledge of a female child under ten years of age was by statute made a felony even though she consented to the act and this statute of course became a part of our common law. The practice originated of referring to the felony created by this or a similar statute as rape when in fact it was not actually such—we now have a firmly established custom of referring to "forcible rape" and "consent rape." However, as pointed out in Nider v. Com., supra, an attempt to commit the crime of carnally knowing a female under the age of consent is a crime at common law and, where the indictment is for the common-law crime of rape, as here, an instruction on such attempt should be given when the evidence justifies it.

The case is most elaborately briefed for the appellant on the contention that indictment No. 8760 was insufficient because it contained no allegation that the accused was over the age of 14 years or, at least, over the age of 7 years. The foundation of this argument is

the assumption that the indictment is based upon a statute providing a penalty for a common-law crime and containing only a part of the elements of the offense at common law and that such an indictment must set out all the common-law elements, one of which was the age of the accused. Using this foundation as a premise it is argued that as a boy under 14 years of age was at common law prima facie presumed incapable of the crime, it is necessary that an indictment under Section 1154 must allege that the accused is over 14 years of age or, certainly, that he is over 7 years of age. The fallacy in this theory is that the entire foundation on which the argument rests is unsound because the statute is not merely one providing a penalty for a common-law crime but is one creating a crime and containing all the elements thereof and because it was never necessary at common law that an indictment for rape should give the age of the defendant.

Section 1154 sets out all the elements of the crime, the only essentials being carnal knowledge of a female against her will or consent or by force, or whilst she is insensible. It is true that the statute declares that whoever violates it shall be guilty of rape of which force was an essential element. The only effect of the statute on the common-law crime was to remove force as an essential element of the crime. That it is well settled at common law that an indictment for rape need not allege the age of the defendant, this being a mere matter of defense, see the text of 22 R. C. L. 1199 and 52 C. J. 1039 and the many authorities cited therein. This argument of appellant, carried to a logical conclusion, would mean that an indictment for murder must allege that the accused is more than 7 years of age since a child under 7 was conclusively presumed at common law to be incapable of committing any felony. We conclude that an indictment under Section 1154 need not allege the age of the defendant, a conclusion heretofore enunciated without reasons assigned in Page v. Com., 219 Ky. 151, 292 S. W. 741.

In presenting to the jury the law as to the trial on indictment No. 8760 for rape the trial court instructed on 1) rape, 2) the felony prescribed by the third bracket of Subsection (3) of Section 1155 for carnal knowledge of a female between 16 and 18 years of age for which the punishment is from two to ten year in the penitentiary,

3) the instruction under the second literary paragraph of Subsection (3) of Section 1155 reducing any crime denounced by the section to a misdemeanor where the prosecutrix is sexually immoral or has a general reputation for sexual immorality, 4) detaining a woman against her will with intent to have carnal knowledge of her, the crime denounced by Section 1158, 5) assault and battery, 6) that the testimony of Ruth Leonard as to previous carnal knowledge of her by the accused with her consent might be considered only as corroborative of the carnal knowledge at the time and on the occasion covered by instruction No. 1, and 7) to find the accused not guilty if there was a reasonable doubt as to his guilt and if the accused was found guilty but the jury had a reasonable doubt as to the degree of his guilt they should find him guilty of the lower degree (no definition or explanation as to the meaning of degrees was given). The eighth and ninth instruction merely contained certain definitions.

Many objections are assigned as to these instructions and one of these objections, that an attempted rape instruction should have been given, has heretofore been considered. It is urged that the second instruction was erroneous in submitting on the felony rather than on the misdemeanor covered by Section 1155 because the indictment did not allege the accused to be over 21 years of age. We think it clear that no error prejudicial to appellant's substantial rights was committed here even though it be conceded that the position taken by appellant on this question is correct for, as the jury found appellant guilty of the highest degree of crime charged in the indictment where an opportunity was presented to them to find him guilty on a lower degree of felony, it certainly cannot be presumed that the jury would have found appellant guilty under the second instruction had that instruction merely authorized the infliction of a fine and jail sentence rather than confinement in the penitentiary. But, since there will be another trial, it is necessary to determine whether any error was committed in giving the second instruction. In Oldham et al. v. Com., 221 Ky. 236, 298 S. W. 682, the defendants were indicted under Section 1154 for rape. The indictment alleged that the prosecutrix was under 16 years of age but did not allege that the defendants were over 21 years of age. The first instruction submitted the crime of rape as charged in the indictment and the second instruction

covered the felony prescribed by the second bracket of Section 1155. The defendants were convicted under the latter instruction and their punishment fixed at five years in the penitentiary. It was held that the instruction was erroneous because the indictment only authorized the submission of the misdemeanor charged in Section 1155 by reason of failure to allege in the indictment that the defendants were over 21 years of age. Obviously the ruling in that case, if followed to its logical conclusion, is authority that if an indictment for rape fails to allege that the prosecutrix is below the age of consent there could be no conviction even of the misdemeanor provided by Section 1155. That is the situation with which we are confronted—the indictment with which we are now dealing contained no allegation as to the age of the accused or the prosecutrix. If the last-cited opinion is sound there should have been no instruction in the instant case either on the felony or misdemeanor created by Section 1155. We are confronted with another authority, however, holding that under an indictment for rape the defendant may be convicted of the crime created by Section 1155 although the indictment contains no allegation as to the age of either the defendant or the prosecutrix. Eads v. Com., 162 Ky. 89, 72 S. W. 104.

We are thus put to a choice between these conflicting rulings. We have little difficulty in concluding that the wisest, most feasible and most practical solution is to follow the latter case and hold, which we do, that under an indictment for rape the accused may be convicted under Section 1155 although the indictment contains no allegation as to age of the prosecutrix or the accused. The appropriate instructions to be given under Section 1155 should be determined, of course, by the evidence.

From the standpoint of pure theory there is considerable reason for argument as to the soundness of this conclusion. The situation is produced by a long line of cases beginning with Fenston v. Com., 82 Ky. 549, holding that the crime denounced by Section 1155 is a degree of rape. It may well be doubted that this line of decisions is correct from a pure theoretical and technical viewpoint since the gravamen of rape was the element of force, the ravishment of a female, an element not involved in the crime created by Section 1155, so that the

crime denounced by the latter section can hardly be said to be a natural degree of the crime of rape—the crimes are essentially dissimilar. However, in view of our long judicial history to the contrary and the settled practice prevailing in the state, the unwisdom of disturbing the existing rule is apparent. With this rule prevailing a hiatus exists which is satisfactorily spanned by holding that under an indictment for rape, containing no allegation as to age, a conviction may be had under Section 1155 of the appropriate included crime as the same may be disclosed by the evidence. The crime denounced by Section 1155 being a degree of the crime of rape, the position we have taken is necessarily sound because if a certain crime is included in the crime charged in the indictment, it follows as a matter of course that the indictment contains all the essential allegations to charge the included crime. Our holding is as indicated and the contrary holding in Oldham v. Com., supra, is overruled in so far as it is in conflict.

There was no necessity to give instruction No. 3 since there was no evidence that Ruth Leonard was sexually immoral or of immoral reputation. This error, of course, was not prejudicial to appellant.

There was no necessity to give the assault and battery instruction since the evidence did not justify or require it. Assuming that the appellant was guilty, the only justifiable inferences to be drawn from the testimony of the prosecutrix were that the appellant had carnal knowledge of her either with or without her consent or attempted to do so either with or without her consent. There was no basis for the inference that a mere assault and battery was committed on her. It is only where the evidence justifies it that an included offense should be submitted to the jury. This error was harmless and not prejudicial to appellant but on another trial, if the evidence is the same, this instruction should be omitted and the instruction on attempt to have carnal knowledge with consent should be given as above indicated.

It is contended that the sixth instruction is erroneous by reason of the limitation of the effect of the testimony therein referred to. We think not. The court was merely following the settled practice in giving this instruction. Newsom v. Com., 145 Ky. 627, 140 S. W. 1042; Alley v. Com., 231 Ky. 372, 21 S. W. (2d) 476.

Had appellant admitted the intercourse with which he was charged and claimed it was with the girl's consent, evidence as to intercourse at other times would have been competent as showing the probability of the girl's consent, but this he did not do—he denied having the intercourse either with or without consent. The instruction was proper.

Complaint is made that the seventh instruction, telling the jury to find the defendant guilty of the lower degree if they had a reasonable doubt as to the degree of which he was guilty, should have defined the meaning of degrees or at least should have explained to the jury what was meant. We think there is some merit in this complaint since there was considerable probability that the jury would not understand the instruction. On the next trial, if the evidence is substantially the same, the instructions should embody 1) rape, 2) carnal knowledge of a female under the age of consent, 3) detaining a woman against her will and 4) an attempt to have carnal knowledge of a female under the age of consent. The jury should be told that the crime mentioned in instruction No. 2 is a lower degree of the crime mentioned in instruction No. 1; that the crime mentioned in instruction No. 3 is a still lower degree than that mentioned in instruction No. 2 and that the offense mentioned in instruction No. 4 is a still lower degree than the crime mentioned in instruction No. 3. We are not holding that a reversal would be ordered on this account alone but it seems clear that the jury will better understand what is meant by the instruction as to degrees of the crime when this qualifying language is added.

As to the crime charged in indictment No. 8762, Aileen Courtney, a girl under 12 years of age and also an inmate of the Covington Protestant Children's Home, testified that at a time when she was sick in bed the appellant came to her room and, while she was in bed, felt of her person and requested her to feel of his person, which he exposed, and that this conduct continued approximately forty-five minutes. This testimony was flatly contradicted by appellant. A most careful examination of the girl's testimony fails to show the exercise of any force, or any detention, by the appellant on this occasion and further fails to show that his actions were against the will of the girl—on the contrary the only reasonable inference to be drawn from her testimony is

that at least she quietly acquiesced in the appellant's conduct. Such testimony is wholly insufficient to sustain a conviction under Section 1158 even though she was under the age of consent and the judgment must be reversed for this reason. As said in Stark v. Com., 169 Ky. 539, 184 S. W. 875, "In proving the detention, the commonwealth necessarily must show the exercise of force, although it be slight; otherwise there would be no detention." In Commonwealth v. Pennington, 189 Ky. 182, 224 S. W. 644, 645, in discussing Section 1158, we said:

> "One who takes or detains a woman against her will of any age, with intent to have carnal knowledge of her himself, is guilty, but he is not guilty under this statute, if he takes and detains her with her consent, even if she be under the age of 16 years."

For the reasons indicated the judgment on indictment No. 8761 is affirmed. The judgments on indictments Nos. 8760 and 8762 are reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.