## Hogue v. Commonwealth.

May 2, 1950.

K. S. Alcorn, Judge.

756

James G. Begley and Jackson & Begley for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant. Attorney General, for appellee.

JUDGE KNIGHT—Affirming.

This is the second appeal of this case. The first appeal is reported in 305 Ky. 298, 203 S. W. 2d 42. Since the facts in the case are fully set out in the former opinion, it will not be necessary to repeat them here. On the former appeal the case was reversed because the lower court failed to give an instruction on a lesser degree of the offense of rape with which the defendant was charged in the indictment and we held that an instruction should have been given on detaining a woman against her will. On the second trial of the case that instruction was given along with an instruction on rape and the jury convicted him under the detention instruction and fixed his punishment at 3 years in the penitentiary. He is now appealing from the judgment based on that verdict and seeks reversal on the ground that "the court should have given an instruction on the common law misdemeanor of attempting to have carnal knowledge of a female with her consent under KRS 435.100 (1) (c)." He contends that this is especially true in view of the fact that the jury, on the last trial of the case, determined that there was no act of forcible rape, but found that appellant was guilty of detaining prosecutrix against her will, consequently the instructions of the court cannot be correct unless the requested instruction of attempted rape is given, and cites in support of that contention: Gabbard v. Commonwealth, 308 Ky. 165, 214 S. W. 2d 87; Gilley v. Commonwealth, 280 Ky. 306, 133 S. W. 2d 67; and Merriss v. Commonwealth, 287 Ky. 58; 151 S. W. 2d 1030, 1034.

The question raised was decided adversely to appellant's contention in the case of Merriss v. Commonwealth, supra, cited and relied on by him. In that case it was said: "It is true that it has been frequently held by this court that in a prosecution for rape in violation of section 1154 (KRS 435.090) an instruction on attempted rape should be given where the evidence justifies it, Gilley v. Com., 230 Ky. 306, 133 S. W. 2d 67, and cases therein cited, but it clearly appears to us after a careful examination of this question that it is never necessary in this type of prosecution to instruct on the common-law crime of attempt to commit rape since every such attempt is included in and covered by section 1158 (KRS 435.110) of the Statutes making it a felony to detain a woman against her will with intent to have carnal knowledge of her. Every attempt to have carnal knowledge of a woman by force or against her will is covered by the last-mentioned section. The purpose of that section was to increase the punishment for the common-law crime of attempted rape and to go even further, that is, to make every demonstration of force against a female, accompanied by intent to have carnal knowledge of her, a felony even though such action did not progress to the point of becoming an actual attempt to rape. We hold that when an instruction is given under section 1158 (KRS 435.110) as to detaining a woman against her will, as was done here, there is no reason or necessity for giving an instruction as to the common-law crime of attempted rape since it is included in and covered by the instruction given under section 1158 (KRS 435.110)." (Parentheses added)

We find no merit in another contention of appellant, that he was also entitled to an instruction on assault and battery, since this is not a lesser degree of the offense charged in the indictment.

Since the evidence on the last trial was substantially the same as on the first trial and the law of the case, as laid down on the first appeal, was followed on the second trial, we find no reversible error on this appeal.

Wherefore the judgment is affirmed.