## RHYE v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 16, 1953.

Rehearing Denied Feb. 12, 1954.

Earle M. Nichols, Madisonville, for appellant.

J. D. Buckman, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MOREMEN, Justice.

Appellant, Roy Rhye, age 45, was indicted for the crime of rape which is denounced by KRS 435.090. Upon trial, he was convicted and sentenced to serve 15 years in the penitentiary.

The prosecuting witness, Lena Dunkerson, age 15, is a half-sister of Mrs. Roy Rhye and she had lived with appellant and his wife since she was fifteen months old. She testified that in the afternoon of a day in January, 1952, appellant Roy Rhye, her uncle, Andrew Hampton, and a boarder, Jim Martin were drinking in the Rhye home. Mrs. Rhye had gone in town to see a doctor. After drinking for some time, Andrew Hampton and Rhye got into an argument and Rhye ordered Hampton to leave the house and instructed Martin to follow Hampton and see that "he don't call the law." Martin complied with the request and Rhye and Lena Dunkerson were left alone in the house. Rhye called Lena into the living room, jerked and slapped her and told her that if she did not lie still he would kill her. She stated that Rhye had threatened her before, she was afraid of him, and that he pulled her down on the couch or divan in the living room and forced her to have intercourse with him.

Jim Martin testified in substance that he was only gone a short time after he followed Hampton from the Rhye home. When he came up on the porch of the house he saw, through the living room window, Rhye and Lena in the act of sexual intercourse. He "stepped back from the house and waited to give them time," and then went into the house.

Appellant denied ever having had sexual intercourse with Lena, or having attempted to rape her, or having mistreated her in any way.

Appellant urges the following grounds for reversal: (1) the court should have sustained his motion for a directed verdict; (2) the instructions were erroneous and failed to submit the whole law of the case, and (3) the court erred in the admission and rejection of evidence.

The first contention is based largely upon the fact that Lena could not fix with a high degree of certainty the exact date when the offense was committed. The indictment was returned by the grand jury on May 27, 1952, and it charges that the offense was committed on the last day of January or the first day of February, 1952. At the trial, Lena testified that she had intercourse with Rhye in January, or near that time, and she was corroborated in this by Jim Martin who testified that he boarded at the Rhye home until the 5th day of February. It is true Lena also testified that Rhye had raped her once before and witnesses, who were produced to corroborate portions of her story about the first event, were confused as to the actual time of its occurrence. Mrs. Rickard testified as to corroborating circumstances but she also stated that she lived next door only from the middle of April to the middle of June 1952, and this, of course, would indicate either that she was not a neighbor at the time of the alleged first offense or that she was confused as to dates. However, this first event was not the crime for which the accused was indicted, and we believe the testimony of Lena and the witness, Jim Martin, was sufficient to sustain the verdict.

Appellant complains that the instructions were erroneous because instructions were given only under Section 435.090 which is concerned with unlawful carnal knowledge of a female above 12 years of age against her will or consent and which fixes the punishment at death or confinement in the penitentiary for life without privilege of

parole, or by confinement in the penitentiary for life, or by confinement in the penitentiary for not less than 10 years nor more than 20 years; and under Section 435.100, which deals with carnal knowledge of a female child with her consent, in which the punishment is confinement in the penitentiary for not less than 5 nor more than 20 years if the child is of the age of 12 years and under 16 years; and insists that the court should also have instructed on the common law crime of attempted rape, which is only a misdemeanor.

■ We think the trial court was correct in omitting such an instruction because there was no evidence upon which it might properly be based. The positive evidence in the case shows that the act was consummated. No question of the penetration of her person was involved. The defendant testified positively that the incident did not occur, and the jury could accept the evidence of Lena and the eyewitness concerning the act—or reject it entirely.

In Gilley v. Commonwealth, 280 Ky. 306, 133 S.W.2d 67, relied on by appellant, the court specifically held that there was sufficient proof of attempt to have justified the court in giving an instruction on the common law offense of attempted rape.

In Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030, 1034, also relied on by appellant, we find these details stated in the opinion: "She was asked the question 'Did he succeed in his attack?' to which she answered 'I guess he did.' She was then asked 'Don't you know?' and replied 'No sir.'" Thus the question of penetration was actually in issue and an instruction concerning attempted rape should have been properly given. But we find in none of the cases cited in the brief, authority for the proposition that an instruction concerning the common law offense of attempted rape should have been given when there was no issue on that question.

■ The instructions were further criticized because a specific instruction was not given on the state of intoxication of Rhye. It is argued that instruction No. I required the jury to find that Rhye committed the act wilfully and feloniously before he could be convicted and that where intention to commit a crime is a necessary element of that crime, the court must give an instruction concerning the drunkenness of defendant if the evidence shows that he was drunk. Reliance is had upon Slone v. Commonwealth, 238 Ky. 727, 38 S.W.2d 709, 711, wherein it is written:

"But, if there are no degrees of the offense contained in the indictment, or where there are such degrees, but in them intent is likewise an element, then in such cases the court should instruct the jury, in substance (if the evidence authorized it), that if defendant was so intoxicated that he did not realize what he was doing, or was incapable of entertaining the necessary criminal intent, then he should be acquitted."

It is difficult to conceive of a situation where a person could commit unintentional rape. But, in any event, we are of opinion that the evidence in this case did not warrant an instruction on drunkenness.

■ The final assignment of error is directed to the admission and rejection of evidence. Complaint is made that evidence was admitted concerning the fact that Rhye had used a whip on Lena on one occasion and had slapped her around on others. She testified that this treatment had put her in fear of him and we believe that it was competent to show the extent of his domination over her, with the result that her will power was lessened to a great degree.

■ The second complaint is that it was shown on certain occasions that Rhye sent his wife away and kept Lena at the house, the inference being that Rhye sent his wife away so that he could have intercourse with Lena. The statement was made that Lena did not object to this. We must bear in mind that a child of Lena's age is not capable of giving legal consent. It is entirely possible that the jury believed that she had given actual consent and, therefore, it did not impose the ex-

treme penalty provided under instruction No. I. The same reasoning might apply to the next objection wherein it was insisted that a conversation between Lena and Jim Martin to the effect, "Jim, you caught us," was improperly excluded. The action of the court in excluding evidence, that Martin had attempted to make a date with Lena and had offered her $10 for that purpose, was proper because the evidence was not relevant to the issue.

We find no error in the record prejudicial to appellant's substantial rights and the judgment is affirmed.