**Lloyd TRIMBLE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 13, 1969.

H. K. Spear, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Robert W. Willmott, Jr., Asst. Attys. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Lloyd Trimble has been convicted of attempted rape of an eight-year-old victim and sentenced to imprisonment for fifteen years. KRS 435.080(2). On this appeal he contends that (1) the court erred in instructing the jury as to the offense of rape; (2) the court failed to give an instruction on a lesser degree of the charged offense; (3) error was committed when the court referred to a statement of an absent witness as an affidavit rather than a deposition; (4) he was entitled to a directed verdict; and (5) the argument of the Commonwealth's attorney was prejudicial. The appellant asserted alibi and denied being with the victim at all.

The evidence for the Commonwealth was that Trimble, by intimidation of the victim, escorted her from a school playground on a Saturday morning to a secluded wooded area nearby. The little girl testified that appellant forced her to partially disrobe and undertook to have sexual intercourse with her. She described the actions of the appellant in this regard in such manner as to warrant the inference that slight penetration of her genital organs had been accomplished by appellant, although it is quite clear from medical testimony that there was no complete penetration. Medical evidence reflected that bruises were found near the opening of the vagina although the hymen was intact. The trial court instructed the jury on the crimes of rape and attempted rape. KRS 435.080(1)

and (2). By its verdict the jury found the appellant guilty of attempted rape.

■ The appellant contends that there was insufficient evidence to warrant the instruction on the charge of rape and argues that prejudicial error was committed in giving the instruction, even though he was not convicted under it. It is our view that the evidence of the victim, especially when considered in light of the medical testimony, was enough to create a submissible issue on the question of penetration. See White v. Commonwealth, 96 Ky. 180, 28 S.W. 340, 16 Ky.Law Rep. 421, in which this court recognized that in prosecutions of this kind where the victim is a child of tender years who lacks knowledge and experience sufficient to enable her to testify directly on the matter of penetration, circumstantial evidence warranting the inference of penetration will suffice. There it was pointed out that marks of violence noted upon the victim's genital region tended to support such an inference. Even if we were otherwise persuaded, we would not be authorized to reverse the judgment of conviction here since the appellant was not convicted of rape. Gambrell v. Commonwealth, 312 Ky. 573, 228 S.W.2d 457.

■■ The appellant maintains that the court erred in failing to instruct the jury on the offense of detaining a woman against her will with intent to have carnal knowledge of her. KRS 435.110. In support of this contention he cites Blankenship v. Commonwealth, 311 Ky. 338, 224 S.W.2d 152, and Moseley v. Commonwealth, 206 Ky. 173, 266 S.W. 1048. It is appropriate to recall that the appellant denied having been with the victim at all and presented alibi as his defense. The only evidence adduced by the Commonwealth respecting the nature and degree of the offense showed rape or attempted rape. Nothing in the evidence tended to prove any lesser degree of the offense. In such a circumstance, the court properly declined to instruct on the offense of detaining a

woman against her will. Rhye v. Commonwealth, Ky., 263 S.W.2d 923; Sanders v. Commonwealth, Ky., 269 S.W.2d 208. In Harris v. Commonwealth, Ky., 389 S.W.2d 907, this court reversed a murder conviction for failure of the trial court to give a voluntary manslaughter instruction even though the defendant claimed alibi as his defense. The rationale of the applicable rule seems to be that instruction should be given covering the whole law of the case as the whole law of the case is determinable from all the evidence. When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi. Conversely, it is only where the evidence justifies it that an offense included in the indictment should be submitted to the jury. Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030. Fundamentally, the prosecution is required to prove beyond a reasonable doubt the commission of the crime charged, and when its evidence warrants a jury finding of a lesser degree of the main offense, the instructions should be so framed as to include it. In this case there was no evidence of detaining except as an inseparable incident of the attempted rape; hence, there was no evidentiary basis for an instruction on detaining as a separate act.

■ Appellant complains that the trial judge improperly described as an "affidavit" the proffered testimony of appellant's mother who was unable to attend the trial. This claim of error is entirely without merit. In truth the evidentiary material was presented by way of affidavit, but the trial court specifically admonished the jury to consider the statement of appellant's mother just as if she were present in court and testifying, and he even amended his characterization of it by calling it a "deposition."

What we have already said answers appellant's contention that he was entitled to a directed verdict. There was no such

improbability in the prosecution's evidence as to warrant a directed verdict. On the contrary, there was abundant evidence to sustain the verdict.

Appellant asserts that the argument of the Commonwealth's attorney was prejudicial because it encompassed the allegations of the rape charge, as distinguished from the attempted rape charge. We have already noted that the court properly gave the rape instruction; hence, the argument was proper. Moreover, there was no objection to any portion of the argument, nor are we able to discern any respect in which it could be characterized as prejudicial.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.