**Roy Karem GEORGE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 18, 1971.

Don Major, Louisville, for appellant.

Roy Karem George, pro se.

John B. Breckinridge, Atty. Gen., James B. Wooten, Jr., Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of rape and his punishment fixed at life imprisonment. On appeal he contends he was entitled to a directed verdict, and if not, he was entitled to additional instructions. His defense was an alibi.

The prosecuting witness was 12 years of age. She testified that appellant, who was known to her, entered her home between one and two o'clock in the morning and forced her to leave the house with him. Her mother, with whom she lived, was not at home, and the only other person in the house was a younger brother. She further testified appellant forced her to enter a car parked in an alley nearby; that he committed on her body certain acts which clearly constituted sexual intercourse; and that she was released when her mother was looking for her after returning home.

■ She was taken to a hospital, and the doctor who examined her approximately 4½ hours after the incident testified that there was clear evidence that she "had some penetrating object inserted into the vagina". He found no evidence of sperm which would indicate a completed act of intercourse, and in substance stated it would be very rare to find no sperm if a child had been raped *two or three times*. He was unable to say that the child had been raped because "it depends on how much rape is rape".

Appellant's contention that he was entitled to a directed verdict is obviously without merit in view of the facts stated above. There was direct evidence of the use of force by the appellant to compel the prosecutrix to engage in the act of sexual intercourse, and her evidence, along with that of the doctor, was convincing that there had been penetration. Appellant's principal complaint seems to be that the prosecutrix was not sure of the exact time the act was committed or how long it took. This goes to the matter of credibility, but her story was not unbelievable.

■ The only other contention made is that the court failed to instruct under KRS 435.100(1) (b), which pertains to the matter of consent, and KRS 435.110, which makes criminal the detention of a woman against her will with intent to have carnal knowledge. Both statutes create offenses carrying a lesser punishment. Appellant relies on Trimble v. Commonwealth, Ky., 447 S.W.2d 348 (1969), but the principle stated and applied in that case militates against his position. There the defendant was convicted of attempted rape of a young girl and no issue was raised with respect to the instruction on that offense. There was evidence of penetration, though not complete, and the defendant contended on appeal that he was entitled to an instruction on the offense of detaining a woman against her will with intent to have carnal knowledge. As in this case, the defense was an alibi. We held that the evidence did not justify such an instruction and said (page 350 of 447 S.W.2d):

"The rationale of the applicable rule seems to be that instruction should be given covering the whole law of the case as the whole law of the case is determinable from all the evidence. When the prosecution adduces evidence warranting

an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi. Conversely, it is only where the evidence justifies it that an offense included in the indictment should be submitted to the jury. Merriss v. Commonwealth, 287 Ky. 58, 151 S.W.2d 1030. Fundamentally, the prosecution is required to prove beyond a reasonable doubt the commission of the crime charged, and when its evidence warrants a jury finding of a lesser degree of the main offense, the instructions should be so framed as to include it. In this case there was no evidence of detaining except as an inseparable incident of the attempted rape; hence, there was no evidentiary basis for an instruction on detaining as a separate act."

In Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968), where the defense was an alibi, we held that the defendant was not entitled to an instruction on detaining a woman even though the medical evidence failed to establish any penetration. Therein we said (page 410 of 429 S.W.2d):

"It is our opinion that the foregoing testimony fails to support appellant's contention. This testimony is negative in character as it reflects the uncertainty of the physician as to whether or not there had been penetration. Moreover, there is no evidence from which the jury could have reasonably inferred a detaining of the child with intent to have carnal knowledge of her. Since the Commonwealth's evidence showed appellant had committed rape and the appellant's testimony showed he was not guilty by reason of his alibi, the issue in the case was adequately presented to the jury by an instruction covering the crime of rape and upon reasonable doubt."

Other cases of similar character are Melone v. Commonwealth, 202 Ky. 659, 261 S.W. 17 (1924); Bard v. Commonwealth, 217 Ky. 479, 290 S.W. 337 (1927); Burnam v. Commonwealth, 289 Ky. 312, 158 S.W.2d 131 (1942); and Blankenship v. Commonwealth, 311 Ky. 338, 224 S.W.2d 152 (1949).

There is a line of rape cases, not involving an alibi defense, in which we have held that an instruction on lesser degrees of the crime should be given *if the evidence warrants* such instructions. These are Logsdon v. Commonwealth, 215 Ky. 707, 286 S.W. 1067 (1926); Page v. Commonwealth, 219 Ky. 151, 292 S.W. 741 (1927); Blankenship v. Commonwealth, 234 Ky. 531, 28 S.W.2d 774 (1930); and Sanders v. Commonwealth, Ky., 269 S.W.2d 208 (1954).

In the present case we find no evidence of consent on the part of the prosecutrix which would warrant an instruction under KRS 435.100(1) (b). All of the evidence shows that if anything happened, it was more than detention. Consequently, appellant was not entitled to an instruction under KRS 435.110.

The judgment is affirmed.

All concur.